Case 45.—ACTION BY THE EXECUTORS OF J. W. DANT AGAINST JOHN M. COOPER, COUNTY JUDGE, FOR A MANDAMUS TO COMPEL HIM TO FILE CERTAIN PAPERS IN LIEU OF A SETTLEMENT OF SAID DANT'S ESTATE.—Sept. 26.

## Dant's Executors v. Cooper, County Judge.

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment refusing the writ and the Executors appeal. Affirmed.

1. Decedent's Estates—Descendants—Kindred—Inheritance—Statutory Rights—Neither the descendants nor other kindred of one dying a resident of this State have an inherent right to his estate, real or personal. Such right as they may have is given to them by statute.

2. Administrators and Executors—Settlements—Public Record—Administrators and executors of decedent's estates represent not only the creditors thereof and those whom the statutes have designated to take by inheritance or devise, but they are representatives also of the State in administering such estates, and it is a matter of public concern that their administration of decedent's estates shall be made of public record.

3. Mandatory Statutes—Settlement with County Courts—Waiver—Kentucky Statutes, sections 3855, 3857 and 3858, require the personal representatives of a decedent to return an inventory and sale bill of his estate, and provide a penalty for his failure to do so within six months, and to settle his accounts with the county court and file vouchers sustaining same, which shall be recorded and indexed in the county court, etc. These statutes are mandatory, and the county courts have no discretion to waive them, although all the beneficiaries of the estate may be of age and under no disability.

H. W. RIVES attorney for appellants.

Our contention is that the filing of accounts by executors or administrators, is a matter with which the public has no concern, and with which the parties for whose benefit it is required by law, may dispense, whether they be creditors, or mere legatees or distributees.

### AUTHORITIES CITED.

(18 Ky., L. R., 1043-39, S. W. 40; Bradford v. Clayton, 47 Ala., 508; Avery v. Avery, 11 Am. & Eng. Ency. of Law, pages 742, 743, 1185, 1319, 46 Am. Dec., 438 and note; Turk v. Turk, 97 Ky., 136; Butler v. Butler, 85 Ky., 35; Cunningham v. Fraize, 13 Bush, 77; Warfield v. Brand's Admr., 14 B. Mon., 433; Simms v. Lively; 11 B. Mon., 245; Berry, Trustee v. Williamson et ux, 21 Ky., L. R., 1157-54, S. W., 732; Weaver, &c v. Toney, &c, Civil Code, Sec. 21; Ky. Statutes, sections 1057, 1062, 1065, 1066, 1068, 3849, 3855 & 3857.)

JOHN McCHORD for appellee.

1. We contend that the county judge can require an inventory and appraisement of an estate where the heirs and devisees are sui juris.

2. That it would be criminal negligence in this case for the county judge not to require the executors to make a showing of the interest of the infants and place their means in the hands of a bonded trustee. (Ky. Statutes, Sec.. 3855, 3857, 3858; Trabue v. Reynolds, 9 Ky., L. R., 360.)

OPINION BY JUDGE O'REAR—Affirming.

J. W. Dant, died testate a citizen of Marion County. His will was admitted to probate. Appellants qualified as executors. Subsequently they settled the decedent's estate by paying his debts, as they aver, including the funeral expenses and costs of administration, and turned over to the devisees, as named in the will, the sums and property devised to them. Whereupon they took from the devisees a paper in the nature of a receipt, showing the complete settlement of the estate to their satisfaction. The executors presented this paper to the county judge of Marion county, sitting as the county court, and asked that it be filed as their settlement, and that they be discharged. The county judge refused to file the paper as a settlement, and refused to discharge the executors. On the contrary, he issued a rule against them, requiring them to file an inventory and sale bill and to make their settlement by a return of all

vouchers of sums paid out, whether to creditors or devisees. This action was brought by the executors against the county judge in the Marion circuit court to prohibit his imposing a fine against them for contempt for their failure to comply with the last-named orders, and for a writ of mandamus to require him to file the paper above referred to as their settlement; and, if no exceptions were taken thereto by any party in interest in the estate, to accept it as their settlement, and to discharge them from further liability as executors. The circuit court refused the writs prayed for, and dismissed the petition. Wherefore this appeal.

It is contended by appellants that, as the devisees were all sui juris, it was competent for them and the executors to settle the estate as among themselves in such a way as was satisfactory to them; that it did not concern the county court or any one else, after the debts were paid, how this was done; that it was not necessary to file an appraisement or inventory, as they were satisfied with the action of the executors, nor was it necessary to file vouchers or to make an itemized statement between them and the executors, such proceedings being only for their benefit. It is contended, therefore, that they could waive the requirements of the statute concerning such proceedings, if they saw proper.

For the purpose of convenient study the sections of the statute (Ky. St. 1903) bearing upon the subject are here copied:

"Sec. 3855. It shall be the duty of a personal representative of a decedent to return an inventory and sale bill of his estate, the former within three months from the time of qualifying as such, and the latter within sixty days after the sale, to the clerk's office of the court in which he qualified, which shall be recorded by the clerk. Copies from the record of the inven-

tory or appraisement shall be prima. facie evidence
for and against such representative.''

''Sec. 3857. Any personal representative who shall
fail for six months to return an inventory or sale bill
shall, upon notice or rule served by copy, be fined by
the county court not more than ten dollars, and be
required to make such return by a day to be fixed by
the court, and on failure he shall be fined ten dollars;
and thus days shall be fixed, and fines of ten dollars
each inflicted upon such personal representative until
report is .made.  The clerk of the county court shall
report delinquents under this section to the court.''

''Sec. 3858. Every personal representative . shall
have his account settled, 'and the settlement and
vouchers sustaining the same returned to the county
court within two years after he qualifies, and as often
thereafter as the court may require, which settlement,
when approved by the court, shall be recorded and
indexed by the clerk, and the original and the vouchers
carefully kept by him in his office.''

The devolution of the title to real and personal
property of deceased persons, residents of this com-
monwealth, is regulated entirely by statute.  Neither
the descendants nor other kindred of such descendant
have an inherent right thereto.  Such right as they
may have is given to them by statute.  It is competent
then for the State to prescribe, not only the persons
who shall take such property and the proportions in
which they shall take it, but the conditions upon
which they so take it.  Administrators and executors
of decedents' estates represent not only the creditors
thereof, and those whom the statutes have designated
to take by inheritance or devise, but they are the
representatives also of the State in administering
such estates.  In the execution of their duties they
discharge to a certain extent functions affecting the
public; for it is deemed a matter of public concern

that their administration of decedents' estates shall be made matters of public record. Their failure to comply with the requirements of the law in the execution of their duties is, of course, a matter that may be a subject of complaint by any one directly concerned, whether a creditor or inheritor. But their failure is also a matter of public concern. The language of the statutes above quoted is mandatory. No discretion is vested in the county court to waive the exactions of the statutes, nor is it material whether some of the devisees were infants, or whether their trustee, named in the will, he being of contractual age and not under disability, could act solely for them in the matter; for, although all were adults, they could not dispense with the law. The county judge was therefore under the duty to require the inventory to be filed, and the settlement to be made as directed by the sections of the statutes supra.

Judgment affirmed.

Petition by appellant for rehearing overruled.