CASE 83.—PETITION FOR MANDAMUS BY THE COMMON-
WEALTH BY ARTHUR E. HOPKINS AND OTHERS
—Filed in Appellate Court February 8, 1910.

## Commonwealth v. Peter, Judge

On petition filed in Court of Appeals. Writ denied
and petition dismissed.

1.  Mandamus—Subjects of Relief—Settlement of Decedent's
    Estate—"Writ of Mandamus."—Ky. Stat. 3855 requires a per-
    sonal representative of a decedent's estate to return an
    inventory within a certain time after qualifying. Sec. 3857
    provides that any personal representative failing to return
    an inventory within six months after qualifying shall be
    fined by the county court, and be required to make such
    inventory upon a day fixed by it, and, upon failure to do so,
    shall be fined for each subsequent delinquency, and section
    3858 requires every personal representative to have his
    accounts settled, and all settlements and vouchers returned
    to the county court within a certain time, and as often there-
    after as the court requires. Civil Code of Practice, section
    477, defines the "writ of mandamus" as an order of a court
    commanding an executive or ministerial officer to perform or
    omit an act, the performance or omission of which is en-
    joined by law, which shall be granted on the motion of the
    party aggrieved or of the commonwealth when the public
    interest is affected. Held, that the duty of a county judge
    to require executors and administrators to file inventories
    and make settlements was mandatory, and not a matter of
    judicial discretion which could not be enforced by man-
    damus.
2.  Mandamus—Persons Entitled to Relief—Settlement of De
    cedents' Estates.—The commonwealth could maintain man-
    damus to compel such inventory and settlement, though its
    sole object in obtaining the relief was to secure evidence
    for the enforcement of the inheritance taxes.
3.  Courts—Appellate Jurisdiction—Issuance of Prerogative
    Writs—Mandamus.—Even if the Court of Appeals has au-
    thority to issue mandamus to control the action of inferior

tribunals, such as the county courts, it will not do so; peti-
tioner having an adequate remedy by applying to the circuit
court for the writ.

M. J. HOLT, JOSEPH SELLIGMAN and C. H. SEARCY for
plaintiff.

WM. MARSHALL BULLITT, ALVIN T. SHAPINSKY and BUL-
LITT & BULLITT for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN.

The record of this case was misplaced for some
time, hence the delay in writing the opinion.

The county attorney of Jefferson county, Arthur
E. Hopkins and Holland L. Anderson, revenue agents
for the state at large, filed in this court their peti-
tion, asking a writ of mandamus to compel the de-
fendant, Arthur Peter, as county judge of Jefferson
county, to require the Fidelity Trust Company of
Louisville, Ky., to file, as executor of the estates of
Underwood, Hart, Walsh, Mackey, Barth, Bonnie,
Parr, Leeds, and Bodine, with the county court clerk
of Jefferson county, an inventory of the estate of each
of the persons named, and to compel it as such execu-
tor to make settlements of its accounts, and return
same to the county court, of the estates of Under-
wood, Walsh, Parr, and Leeds, it having been execu-
tor of these estates for more than two years without
ever filing an inventory or making a settlement of
any or either of these estates. It appears from the
petition that the revenue agents named in connec-
tion with the county attorney had previously brought
actions in the county court to compel the listing of
omitted property on the part of some of the estates
named, under section 4241, Ky. St., and against the
others, that the state might collect the inheritance
tax under the act of 1906 (Laws 1906, c. 22).

It is contended that the defendant under the law exercises judicial discretion with reference to requiring inventories and settlements of estates of deceased persons to be filed; and therefore the court has no right to compel him by mandamus to act in the matter. The defendant's position is correct, if right in the assumption that his duties with reference to this matter are judicial. Section 477, Civ. Code Prac., defines a mandamus as follows: "The writ of mandamus, as treated of in this chapter, is an order of a court of competent and original jurisdiction, commanding an executive or ministerial officer to perform an act, or omit to do an act, the performance or omission of which is enjoined by law, and is granted on the motion of the party aggrieved, or of the commonwealth when the public interest is affected." In the case of Board of Trustees of Firemen's Pension Fund v. McCroy, 116 S. W. 326, 21 L. R. A. (N. S.) 583 (to be officially reported), this court said: "The court will not interfere by mandamus with the executive officers of the government in the exercise of their ordinary duties, even where those duties require an interpretation of the law, the court having no appellate power for that purpose, but when they refuse to act in a case at all, or when, by special statute or otherwise, a mere ministerial duty is imposed upon them—that is, a service which they are bound to perform without further question—then, if they refuse, a mandamus may be issued to compel them." It will be observed from the section of the Code and the authority last cited that when an official has a ministerial duty to perform, one fixed by law, and he fails to perform it, a mandamus may be issued to compel him to do so. This court has in at least two cases decided that the

requirements of sections 3855, 3857, 3858, Ky. St.,
and of the act of 1906, imposing an inheritance tax,
are mandatory in so far as they impose duties upon
the county judge to require administrators and other
officials to file inventories and make settlements of
the estates in their hands, which are matters of pub-
lic interest. See the cases of Commonwealth v. Gaul-
bert's Admr., 119 S. W. 779 (to be officially reported),
and Dants, Executor, v. Cooper, County Judge, 123
Ky. 359, 96 S. W. 454, 29 Ky. Law Rep. 778. In
the last case cited this court said: "Administra-
tors and executors of decedent's estates represent
not only the creditors thereof, and those whom the
statutes have designated to take by inheritance or
devise, but they are representatives also of the state
in administering such estates. In the execution of
their duties they discharge to a certain extent func-
tions affecting the public; for it is deemed a mat-
ter of public concern that their administration of de-
cedent's estates shall be made matters of public rec-
ord. Their failure to comply with the requirements
of the law in the execution of their duties is of
course a matter that may be subject of complaint
by any one directly concerned, whether a creditor
or inheritor. But their failure is also a matter of
public concern. The language of the statute above
quoted is mandatory. No discretion is vested in the
county court to waive the exactions of the statutes,
nor is it material whether some of the devisees were
infants, or whether their trustee named in the will,
he being of contractual age, and not under disability,
could act solely for them in the matter, for, although
all were adults, they could not dispense with the
law. The county judge was, therefore, under the
duty to require the inventory to be filed, and the set-

tlement to be made as directed by the sections of the statutes supra. "

Defendant contends that the purpose of plaintiffs' counsel was to have these inventories placed on record to enable them to obtain evidence as to what property they had omitted to list for taxation and to also furnish the state evidence of the amount of inheritance tax due it; that the proceeding, in its nature, is inquisitorial, and therefore the defendant was right in refusing to sustain plaintiffs' motion. This was a matter the county judge had no right to consider. It mattered not, so far as his duties were concerned, for what reason they desired to have this record made, or for what reason the trust company had failed to comply with its duty by filing inventories and settlements of the estates referred to. The statutes referred to are explicit and mandatory. All parties in interest and the public were entitled to have the plain mandate of the law complied with. The defendant, by his refusal to sustain the motion, made himself amenable to the writ of mandamus.

The only question left for determination is: Should this court, if it has the authority, issue the writ? This question was before this court in the case of Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251, and the court said: "Although section 110 of the Constitution may confer ample authority upon this court to issue the writ in such a case, the rule here is that, if the applicant has an adequate remedy elsewhere, we refrain from acting under our original jurisdiction." The effect of this is that the circuit court, a court of general jurisdiction, should have been applied to for the writ; that this court would not

act in the matter, even if it had the power, when the applicant had other adequate means for relief.

For these reasons, the writ is denied, and the petition dismissed.