## United States Fidelity & Guaranty Co. v. Paxton.

(Decided February 21, 1911.)

### Appeal from Anderson Circuit Court.

Surety Companies—Indemnity to and Release Of—Liability on Bonds. A surety company is not entitled to demand indemnity for liability from its principal unless it is so stipulated in the contract of suretyship, and it can not obtain a release after the expiration of the term of the officer for whom it became surety. Can a surety company demand indemnity or release without tendering back the compensation received?

WILKES H. MORGAN for appellant.

F. R. FELAND for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Pursuant to notice previously given that on June 15, 1910, the motion would be made, the appellant on this date filed in the Anderson circuit court the following motion:

"Comes the United States Fidelity & Guaranty Company, surety upon a bond of J. R. Paxton, as commissioner and receiver of the Anderson circuit court, which bonds were executed in pursuance of section ———— of the Kentucky Statutes, and files a copy of a notice served upon him, and moves the court to enter an order requiring J. R. Paxton to execute new bond in pursuance of

the Kentucky Statutes aforesaid, with other sureties, on or before the ———— day of ————, 1910, and that said new bond when given shall operate as a discharge of the United States Fidelity & Guaranty Company from all liability for the acts of J. R. Paxton as aforesaid thereafter done, and that said bond shall contain stipulations and covenants to indemnify the United States Fidelity & Guaranty Company against any loss or damage legally incurred by reason of its suretyship upon the bond executed by it as aforesaid.''

In answer to this motion, Paxton on June 20, 1910, filed a response, in which he set up that the United States Fidelity & Guaranty Company was his surety on his official bond as commissioner for three years immediately prior to the 6th day of July, 1909, for which service it required him to pay an annual premium of twenty-five dollars. That on July 6th, 1909, he came into court and executed a new bond, with individual surety, which bond was accepted and approved by the court, and was and is from its date a full and complete guaranty of his official liability. That there was no provision in law and no necessity in fact for any order acquitting the company of liability, and that it had no right to demand indemnity. He further stated that he had faithfully discharged all the duties of his office, and that there was no existing or past liability for which the company was or could become liable. And further set up that on July 6, 1910, he was re-appointed commissioner and receiver of the Anderson circuit court for a new term of office beginning that day, and thereupon executed a new bond with individuals as his surety, conditioned that:

''He shall faithfully perform and discharge the duties of his said office, and shall well and truly account for and pay over all sums of money heretofore or hereafter received by him by virtue of said office to the person or persons to whom he is ordered by the court to pay the same.''

On November 23, 1910, Paxton filed an amended response, and on that day a demurrer to the response as amended was overruled, and the court in holding the response sufficient, dismissed the motion.

The motion, notice and response, and the orders of court relating thereto, constitute the entire record in the case. It will be observed that the motion was not disposed of until some months after Paxton was appointed

for a new term upon the expiration of the term for which the appellant company had been surety upon his bond. Under section 392 of the Kentucky Statutes, each circuit court is authorized to appoint a commissioner for a term of four years, and it is provided that the commissioner shall execute bond with surety to be approved by the court for the faithful performance of the duties of his office, which bond shall be renewed once in each year, and oftener if required. Section 4659, of the Kentucky Statutes, providing a means by which sureties upon bonds may be released, reads:

"If a surety in any official bond, or bond of a personal representative, guardian, curator, assignee or trustee, committee of a lunatic, master commissioner, receiver, or in any bond or covenant which by law may be required to be executed in court, or before an officer at the commencement or during the progress of any civil judicial proceeding, wishes to be relieved from future liability and to obtain indemnity for such as may have been incurred, or either, he may, by written notice to the principal obligor require him, by a day named therein, to appear before the court in which the original bond was given, or in whose clerk's office the same is required to be kept, or if the bond was not given in any court, or required to be kept in any office, then before the circuit court for the county in which the principal resides, or if he has no residence in this Commonwealth, then in the circuit court for the county of the residence of the surety."

And section 4663 provides that:

"If a new bond is given it shall operate a discharge of all the sureties making the motion from all liability for the acts of the principal thereafter done; and if the object be so specified, the bond shall contain a stipulation or a covenant to indemnify the said sureties against any loss, cost or damage legally incurred by reason of said suretyship."

And section 4664, provides that:

"If a new bond is not given on the day named in the notice or fixed by the court, the party moved against shall be at once removed from office, if an officer, or, if not, his powers revoked, or he be deprived of all right further to act in discharge of the duties or functions of the trust, post or employment; and the court shall make all needful orders for the protection of the surety and

the benefit of the state or trust which had been confided to him.''

Section 723 of the Kentucky Statutes, relating to appellant and similar companies, and authorizing them to become sole surety in designated bonds, provides in part that:

''It shall be lawful for said company to stipulate and provide for indemnity from the parties aforesaid for whom they shall so become responsible, and to enforce any bond, contract, agreement, pledge or other security made or given for that purpose.''

We construe this statute to mean that if a surety company desires to be in a position to demand indemnity from its principal, it must so stipulate in the contract; and that if it fails to do this, it can not require its principal to indemnify it. It would, therefore, seem that the sections of the statute cited providing a means by which sureties may obtain indemnity have no application to a corporation created by law for the purposes of becoming surety for compensation in official bonds, unless the contract so provides, and as it does not appear that the appellant company contracted with Paxton for indemnity, it could not require him to furnish it. But, assuming that a surety company in the absence of a contract can not require indemnity from its principal, the question is suggested, can it upon notice and motion be relieved from future liability pending its contract of suretyship, without tendering back so much of the premium paid as would be unearned if it was released? This inquiry it does not seem necessary to answer, because several months before the motion in the lower court was disposed of, and the ruling appealed from entered, the suretyship of the appellant had expired, as well as the term of Paxton for which it became his surety, and he had been reappointed for a new term and had executed bond with new sureties.

Looking at the case for appellant from any standpoint it was not entitled to the relief asked, and the judgment is affirmed.