## McGee, Executor v. Weissinger, Judge.

(Decided March 5, 1912.)

### Appeal from Jefferson Circuit Court.

1. Executors of Decedent's Estates—Duty to Return Inventory and Sale Bill.—Section 3855, Kentucky Statutes, provides that "it shall be the duty of a personal representative of a decedent to return an inventory and sale bill of his estate, the former within three months from his qualification and the latter within sixty days after the sale, to the clerk's office of the court in which he qualified which shall be recorded by the clerk. Held, That this section is mandatory.

2. Same—Authority Conferred on County Courts—Mandatory Duty to Require Settlement of Fiduciaries.—The county judge is only deprived of the power to make settlements with fiduciaries after an action has been brought in the Circuit Court for a settlement of their accounts and it is made their mandatory duty to require all fiduciaries to file in the county court inventories and sale bills of the estates whether or not there is a suit pending in the Circuit Court for such settlement.

HELM BRUCE and BRUCE & BULLITT for plaintiff.

M. J. HOLT for defendant.

OPINION OF THE COURT BY JUDGE NUNN—On petition for writ of prohibition.

Mrs. Josephine Armstrong died in Jefferson County, testate, in June, 1907, and her will was probated in that county in July, 1907, and plaintiff, J. Wheeler McGee, executed bond and qualified as executor on that date and has acted as such since. He has never filed an inventory or sale bill as required by Section 3858, Kentucky Statutes; nor have any appraisers ever been appointed by the County Court as required by Section 3849, Kentucky Statutes, and, of course, no appraisement of the property has ever been made, and no settlements have been filed in the Jefferson County Court, as required by Section 3858 of the Statutes, nor has any settlement of the estate ever been made in any court of the Commonwealth.

It is alleged, in substance, in the petition that in May, 1908, McGee, as executor, instituted an action in the Jefferson Circuit Court for the settlement of his accounts as executor, in which he was plaintiff and Morton Armstrong and the other children and creditors were defendants; that the defendants were duly served with process; that said action had been theretofore referred to the Commissioner of the Circuit Court for a settlement and that all persons having claims against the estate of Josephine Armstrong were enjoined from prosecuting said claims in any action or court other than in said action in the Circuit Court, and that the action for a settlement is still pending, is unsettled and undetermined. While the action was thus pending a motion was made by the County Attorney of Jefferson County (of which the defendant herein, Hon. Muir Weissinger, was and is judge) to require this plaintiff, as executor of the will of Josephine Armstrong, to file in that court an inventory and bill of sale of the estate of Mrs. Armstrong. Plaintiff objected to this motion for the reason that he had theretofore instituted an action in the Circuit Court to settle his accounts as executor and that action was still pending. The county judge sustained the motion and made an order directing the petitioner in this action to file an inventory and sale bill of the estate. Plaintiff took an appeal from that order to the Circuit Court believing that the order was improper and that the County Court was without jurisdiction to make

it. He was defeated on the appeal. The Circuit Court Judge decided that the County Judge had not erred in making the order, and also that the Circuit Court did not have jurisdiction of the appeal. It was also alleged that the County Court was without authority to make the order or to enforce it, but was nevertheless about to enforce it by process of contempt against the petitioner, and would do so unless prevented by this court; that he had no other remedy to prevent the enforcement of this void order made by the County Court in a matter over which it had no jurisdiction; that it would be enforced by the County Judge before the petitioner could appeal from the order of the Circuit Court dismissing his appeal from that court; wherefore, he prayed that a rule returnable in one week issue against the defendant as judge of Jefferson County Court to show cause why, if he could, as judge of that court he should not be prohibited from requiring plaintiff as executor of the will of Mrs. Armstrong, to file an inventory and bill of sale of her estate. A demurrer was filed to the petition. An answer was also filed, and from it and the petition we gather the facts heretofore stated.

Plaintiff's contention is that by reason of his filing in the Circuit Court his petition for a settlement of. this estate, the Circuit Court had exclusive jurisdiction, and the County Court was deprived of any further jurisdiction, and could not, therefore, require plaintiff to file an inventory or bill of sale in the County Court. The case of Beeler, &c. v. Hill, Executor, 5 Dana, 37, is cited as supporting this proposition. That was a case in which the executor of the estate made some settlements with the County Court after an action had been instituted in the Circuit Court for a settlement of the estate, and the court decided that such settlements were of no force; that the settlements should have been made with the Circuit Court's Commissioner. To the same effect is section 1065, Kentucky Statutes, which directs each fiduciary to settle his accounts once every two years with the County Court, unless there is an action pending in the Circuit Court for a settlement; meaning that when an action is pending for a settlement of accounts in the Circuit Court, he shall then make his settlements with the commissioner of that court. Section 3855, Kentucky Statutes, is as follows:

"It shall be the duty of a personal representative of a decedent to return an inventory and sale bill of his

estate, the former within three months from the time of qualifying as such, and the latter within sixty days after the sale, to the clerk's office of the court in which he qualified, which shall be recorded by the clerk. Copies from the record of the inventory or appraisement shall be prima facie evidence for and against such representative.''

This section is mandatory and requires the inventory and sale bill to be returned within the times specified. See the cases of Dante, Executor v. Cooper, 123 Ky., 359, and Commonwealth v. Peter, Judge, 136 Ky., 689. Plaintiff refers to the fact that it was not made to appear in these cases as in the case at bar, that there was a case pending in the Circuit Court for a settlement of the fiduciaries' accounts, and, therefore, these cases are not controlling of the question at bar. It will be observed that section 1065, contains a proviso that is not contained in section 3855. Section 1065 requires settlements to be made with the County Court Judge at specified times, unless there is an action pending in the Circuit Court for the settlement of his accounts. Section 3855 positively requires the fiduciary to return the inventory and sale bill of the estate within a specified time to the clerk of the court in which he qualified. There is no proviso in this section relieving the fiduciary from making this return within the times specified if there be a suit pending in the Circuit Court for a settlement of his accounts. There is evidently a distinction between the two sections, and to our minds, there is a reason for it. Section 1068, Kentucky Statutes, requires the county judge to, at least, once a year inquire into the solvency of the sureties upon the bonds of each fiduciary, and if upon such examination he finds the sureties on the bonds not sufficient to protect those interested in the estate, it is his duty to require additional security, and we have often held that if the county judge fails to use reasonable care in that regard, he and his sureties are responsible for the loss sustained by the persons interested in the estate. It is therefore, necessary for the inventory and bill of sale of estates to be filed with the County Court Judge so that he might know the amounts of the estates and be able to ascertain the sufficiency of the fiduciary's bond. If these papers are not filed, as in this case, for five years after the executor has qualified, it would be impossible for the county judge to perform his duties as required by section

1068, with any degree of certainty or satisfaction. Consequently, our opinion is that the Legislature meant something when it enacted section 1065 and section 3855, and that its meaning was to deprive the County Court Judge of jurisdiction of making a settlement with fiduciaries, only after suit is filed in the Circuit Court for the settlement of his accounts, but the Legislature never intended to deprive the County Court Judge of the authority to require an inventory and bill of sale to be filed in the county court to enable him to ascertain the amount of the decedent's estate so as to protect himself and sureties. Our opinion is that the County Court Judge is only deprived of the power to make settlements with fiduciaries after an action has been brought in the circuit court for a settlement of their accounts, and by reason of the provisions of the statutes and the opinions of this court, the county court judges have jurisdiction and it is made their positive and mandatory duty to require all fiduciaries to file in the county court inventories and sale bills of the estates whether or not there is a suit pending in the circuit court for a settlement of their accounts. The lower court, upon the question at issue, in its opinion, well said:

"The question then narrows itself to this, it seems to the court: Does the filing of the inventory and sale bill pertain to the settlement of the decedent's estate, in the sense that jurisdiction to require it is lost by the county court when an action for a settlement is commenced in the circuit court? It is contended by counsel that the filing of the inventory constitutes the initial step in the matter of the settlement of the personal representative's accounts; and hence, as it bears such relation to the settlement itself, it must be governed by the rule concededly applicable to the latter.

That the filing of the inventory and the sale bill in the county court are steps in the administration of the estate is, it seems to the court, plain; and while in a very liberal sense, those steps might be said to be taken as a part of the settlement of the estate, it would seem that the same reasoning would support the proposition that the probating of the will and qualification of the executor were steps in the settlement of the estate; and yet it must be admitted that those proceedings can be taken only in the county court, and while indispensable as preliminaries, are no part of the settlement itself.

Indeed, given the unrestricted scope of meaning urged by counsel, the settlement of the estate must be held to include everything done after the death of the decedent.''

Waiving the questions above considered, and conceding that this court has the authority to issue the writ of prohibition sought by plaintiff, if it should do so it would overrule the cases of Montgomery v. Viers, Judge, 130 Ky., 694, and Commonwealth v. Peters, Judge, 136 Ky., 693. In the case last named the court said:

''The only question left for determination is: Should this court, if it has the authority, issue the writ? This question was before this court in the case of Montgomery v. Viers, 130 Ky., 694; 114 S. W., 251, and the court said: 'Although Section 110 of the Constitution may confer ample authority upon this court to issue the writ in such a case, the rule here is that, if the applicant has an adequate remedy elsewhere, we refrain from acting under our original jurisdiction.' The effect of this is that the circuit court, a court of general jurisdiction, should have been applied to for the writ; that this court would not act in the matter, even if it had the power, when the applicant had other adequate means for relief.''

For these reasons, the writ is denied and the petition dismissed.