## Commonwealth By Cora Bentley, Prosecutrix, et al. v. Hughes, Clerk.

### Same v. Wade, County Judge.

(Decided March 6, 1917.)

### Appeals from Boyd Circuit Court.

1. Mandamus—Remedy—Discretion.—Mandamus is a proper remedy to compel an officer to exercise discretion lodged with him, or to render judgment in a proceeding, but it is not competent to control such discretion, or to direct any particular judgment through the process of such writ.

2.   Mandamus—Nature and Grounds.—In cases where the writ is allowable the petition or complaint upon which it is asked must show the existence of the facts at the time the application is made authorizing the officer to take the action sought to be enforced by the applicant for the mandamus.

HERBERT MAYNARD for appellant.

L. T. EVERETT for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On May 27, 1915, Cora Bentley appeared before Ed. S. Hughes, clerk of the county court of Boyd county, Kentucky, and made affidavit accusing W. H. Muth of being the father of her bastard child, who was born in that county on September 20, 1914. She included in the affidavit the jurisdictional facts authorizing this proceeding against the putative father which are prescribed by sections 167 and 168, Kentucky Statutes, 1915 edition.

A warrant was issued by the clerk for Muth, but the officer failed to find him, and a second warrant was issued, under which he was arrested and his trial set before the county judge for September 27, 1915. On that day, when the case was called, the court entered this order:

"This cause being called for trial on the regular call of the docket, and the defendant being present in court, in person, announced ready for trial. The prosecuting witness, Cora Bentley, failing to appear or prosecute, the defendant thereupon moved the court to dismiss this prosecution and discharge the defendant. The court having duly considered said motion and being sufficiently advised, sustains said motion. It is, therefore, adjudged by the court that the bond executed herein by the defendant, W. H. Muth, for his appearance herein, be, and the same is now discharged, canceled and held for naught."

Afterward, and on the same day, the prosecutrix appeared in court and entered motion, supported by her affidavit, that the order copied above be set aside and the case be redocketed, whereupon the court entered the following order:

"This cause being called and the plaintiff failing to respond or prosecute, on motion of the defendant this cause was dismissed, and the plaintiff produced her affidavit and made a motion to redocket said action and continue the cause until the October term, 1915, and the

court being advised overrules said motion, to which ruling of the court the plaintiff excepts and objects, and prays an appeal to the Boyd circuit court."

No appeal was prosecuted to the circuit court, but the prosecutrix afterwards appeared before the clerk (the date not being shown) and requested him to issue another warrant for the arrest of Muth, but he declined to do so. It does not appear that on the last application the prosecutrix either made or offered to make another or new affidavit setting forth the facts required by the statute to authorize the clerk to issue the warrant.

The first suit was instituted in the circuit court at the instance of the prosecutrix in the name of the Commonwealth, by herself, as relator, against the appellee (defendant), clerk of the Boyd county court, seeking a writ of mandamus compelling him to issue another warrant for the arrest of the alleged putative father, so that he might be proceeded against under the statute.

An answer was filed by the clerk setting up the facts which we have recited, to which a demurrer was filed and it was overruled, followed by a dismissal of the petition upon failure to plead further, and to reverse that judgment this appeal is prosecuted.

The second case is one brought in the same way against the appellee, Wade, county judge of Boyd county, seeking a mandatory writ directing him to set aside the first order copied above, and to proceed to try the defendant, Muth, under the warrant upon which he was arrested. A demurrer to that petition was sustained, and upon a refusal to further plead it was dismissed, followed by the appeal in that case. The two cases have been consolidated here, and will be disposed of in one opinion.

Considering the first appeal (the one against the clerk), the sections of the statute, *supra,* make it mandatory upon that officer to issue the warrant therein prescribed when the facts therein provided shall appear from the affidavit or oath of the mother of the child. When these required precedent facts are thus made to appear, the duties of the clerk are ministerial only, and may be enforced by the mandatory writ applied for herein. 26 Cyc. 157, 158, and authorities therein cited; Crawford v. Lewis, 170 Ky. 589; Houston v. Boltz, 169 Ky. 640. So, if the refusal of the clerk to issue the writ which this suit seeks to compel him to do had been made

at the time the prosecutrix made affidavit before him disclosing the facts required by the statute, he could be compelled, by this character of proceeding, to issue the warrant applied for. But no such case appears from this record. Several months had elapsed from the time the affidavit had been made before the clerk until the application for the writ which he declined to issue and which the court is now called upon to force him to do. The facts required by the statute to authorize the issuance of the writ may have existed in May, 1915, when the affidavit was first made, but they, or some of them, may not have existed when the refused application was made. For instance, the mother may have married in the meantime, or the child may have died, or other changes may have occurred producing conditions which would not authorize the institution of this character of proceeding provided by the statute. The sufficiency of pleadings in a mandamus proceeding is governed by the same rules as pleadings in ordinary actions. In fact, under our Civil Code (Section 474) a mandamus proceeding is an ordinary action. Such pleadings, then, must state facts authorizing the court to grant the relief and to issue the writ, else they will be insufficient. If facts are required as conditions precedent to the performance of a duty by an officer or the defendant in the mandamus proceeding, such facts must be made to appear in the pleading of the applicant for the writ. This rule of practice is thus stated in 26 Cyc. 435:

"To entitle the petitioner to relief the petition or the alternative writ must allege the existence of all such facts as are essential elements of the right and duty sought to be enforced, and show that all things have been done which are required to be done in order to give rise to the right and duty. Accordingly if pre-requisites or conditions precedent to the duty to act or to the right to demand action are imposed by statute or otherwise, it must appear that they have been fully complied with and performed, so that the court can determine that a present duty rests on respondent and that a present right to performance is vested in petitioner."

The petition against the clerk failed to show the existence of facts as conditions precedent to the imposition of the duty upon the clerk to issue the warrant for the arrest of Muth, and the petition for the writ against him was properly dismissed.

As to the second appeal, it will be noticed that the defendant therein, J. H. Wade, county judge, acted judicially in dismissing the first warrant, and also acted judicially when he declined to set that order aside. There is no rule more firmly fixed in the jurisprudence of this country than the one denying the power of courts to control judicial discretion of a judicial officer by manda tory orders. The general doctrine is stated in 26 Cyc. 188, where it is said:

"While a writ of mandamus will not, as a general rule, issue to review an exercise of judicial discretion, it may be employed to compel an inferior tribunal to act or to exercise its discretion, although the particular method of acting, or the manner in which the discretion shall be exercised will not be controlled."

This court has uniformly followed the above text, as will be seen from the cases of Goheen v. Myers, 18 B. Mon. 423; Cassidy v. Young, 92 Ky. 227; Houston v. Boltz, 169 Ky. 640. This court in the last case referred to recognized the rule when, in the opinion, it said:

"It is well settled that mandamus will not lie to control or review the exercise of the discretion of any court, board or officer, when the act complained of is either judicial or quasi-judicial; but, when a duty is mandatory, and no discretion is fixed, both its performance and manner of performance may be compelled by mandamus. In other words, mandamus lies to compel the performance of a merely ministerial duty." See further the cases in note (5) to section 474, Civil Code.

There is yet another reason justifying the court's action in refusing to issue the writ applied for against the county judge. It is that the remedy by appeal from his orders to the circuit court existed, and nothing is shown to have prevented its adoption. When such remedy exists, the general rule is to deny the application for the writ of mandamus. It is stated in 26 Cyc. 189, to be:

"But, as a general rule, it (mandamus) will not issue for this purpose (compelling the officer to act) where there is a remedy by appeal or other method of review."

The rule denying the authority of a superior court to control a subordinate one by the coercive process of mandamus where the remedy by appeal is open to the applicant is approved by this court in the opinion in the case of Shine, Judge v. Kentucky Central Railroad

Company, 85 Ky. 177. Quoting with approval from High on Extraordinary Remedies, it is therein said:

"In all cases where full and ample relief may be had, either by appeal, writ of error, or otherwise, from the judgment, decree or order of the subordinate court, mandamus will not lie, since the courts will not permit the functions of an appeal or writ of error to be usurped by the writ of mandamus. . . . . It is too well settled to need the citation of further authority, that mandamus will not lie where the party has any other adequate remedy, such as the right of appeal to correct the supposed grievance."

Aside from the principal reasons for the rule that to allow the writ under such circumstances would usurp the functions of an appeal and would unnecessarily burden the superior courts, it is manifest that the appeal would be equally as efficacious and attended with as little costs as would be the proceeding for mandamus.

It results, therefore, that the trial court, for the reasons stated, properly dismissed the petition in each case, and its judgment in each of them is affirmed.