## Commonwealth, By et al v. Bullock, Judge, et al.

(Decided January 22, 1918).

### Appeal from Fayette Circuit Court.

1. Mandamus—Executors and Administrators—Inventory of Estate. —The requirements for the filing of an inventory by the personal

representative of his decedent's estate before the county court as required by section 3855 of the Kentucky Statutes is mandatory, and the duty of the county judge to compel it to be filed is purely ministerial, he having no discretion to refuse it, and such duty on his part may be compelled by mandatory process.

2. Mandamus—Discretion of Officer.—Mandamus is a proper remedy to compel an officer to perform a purely ministerial act or to exercise discretion lodged with him, or to render a judgment in a matter pending before him, but it cannot be employed to control his discretion, or to direct him to render a particular kind of judgment.

3. Mandamus—Executors and Administrators—Inventory of Estate.— Where the inventory required by section 3855 had been filed and it was sought by rule against the administrator to have it corrected so as to include other property which the administrator insisted should not be included, the correctness of which depended upon the determination of certain facts brought in issue, the county judge can not be compelled by mandamus to require the personal representative to amend his report so as to include the alleged omitted property, since his action in declining to do so is judicial and involves the exercise of discretion.

4. Mandamus—Executors and Administrators.—The action of the county judge in declining to issue a rule against a personal representative under circumstances included in the preceding paragraph is an order from which an appeal may be prosecuted under the provisions of section 978 of the Kentucky Statutes, as it is a part of the settlement of an estate of a decedent, being a step therein, and because of this the circuit court properly declined to grant a mandatory writ compelling the county judge to issue the rule asked requiring the personal representative to include in his inventory the alleged omitted property.

MAT J. HOLT for appellants.

ALLEN & DUNCAN and BARRET, ALLEN & ATTKISSON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Walton Byars as revenue agent filed a statement in the county court of Fayette county presided over by the appellee, Bullock, who was county judge of that county, seeking to have listed for taxation certain enumerated personal property consisting of stocks, bonds and choses in action which the revenue agent claimed was owned and possessed by L. V. Harkness at the time of his death, which occurred in the early part of the year 1915, it being insisted that the decedent was a resident of Fayette county at the time of his death, and that all

of the property sought to be assessed had a situs for taxation in that county.

Harry Burgoyne had been appointed by the county court administrator of the estate of decedent, and some time after the expiration of ninety days from the time of the appointment he filed with the appellee as county judge of the county an inventory of the personal property of the decedent, as required by section 3855 of the Kentucky Statutes, which consisted of certain personal property amounting in the aggregate to $50,775.21. After that the revenue agent, conceiving that the property which he sought to have assessed should have been included in the inventory filed by the administrator of the decedent's property, gave notice that on a named day he would enter a motion before the county judge sitting as a county court to require the administrator to amend his inventory so as to include such alleged omitted property. At the time appointed for the entry of the motion the administrator appeared and resisted the issuing of the rule by filing a response verified by him in which he claimed that the inventory theretofore filed covered and included all of the property belonging to the decedent which came into his hands, and all that was located and situated in Kentucky, and furthermore alleged facts showing that the supposed omitted property was not assessable in Kentucky.

Upon the issues thus raised a trial was had before the appellee as county judge, and upon the pleadings and proof he overruled the motion made by the revenue agent and declined to issue the rule asked for, whereupon the revenue agent filed this suit in the Fayette circuit court seeking to obtain a writ of mandamus to compel the appellee as county judge of Fayette county to sustain the rule requested and to require the inventory of the administrator to be so amended as to include the property alleged to have been omitted therefrom.

To the petition the appellee answered, alleging substantially the facts as we have stated, and saying therein that his action in overruling the motion for the rule against the administrator of Harkness was not a ministerial but a discretionary one, and that he acted judicially in declining to do so. A motion was made to strike certain portions of the answer, and a demurrer was filed to other portions, both of which were overruled, and plaintiff declining to plead further his petition was dis-

missed, resulting in his failing to obtain the writ of mandamus which he sought, and to reverse that judgment he prosecutes this appeal.

The writ of mandamus is an appropriate remedy to compel the exercise of a purely ministerial duty and to compel the exercise of a discretion where it is mandatory that it should be exercised, and it may be furthermore employed to compel even a judicial officer to act in a matter properly before him, but it is never employed to force an officer to exercise his discretion in a particular manner, nor can it be used to force a tribunal to decide or determine an issue a particular way. This statement of the office of the writ is found in all the text books, as well as the reported cases, and has been many times adopted and approved by this court. Commonwealth v. Harbeson, 13 Ky. Law Rep. 877; Hawkins v. McCrone, 153 Ky. 296; Warren County Court v. Halbert, 169 Ky. 698; Speckert v. Ray, 166 Ky. 622; City of Louisville v. Kean, 18 B. Mon. 9; Goheen v. Myers, 18 B. Monroe 423; Cassidy v. Young, 92 Ky. 227; Houston v. Boltz, 169 Ky. 640, and Commonwealth, &c. v. Hughes, 174 Ky. 404.

A fair illustration of the existing rule upon the subject as applied by this court may be found in a quotation made in the last case referred to from the Boltz case to this effect: "It is well settled that mandamus will not lie to control or review the exercise of the discretion of any court, board or officer, when the act complained of is either judicial or quasi judicial, but when a duty is mandatory, and no discretion is fixed, both its performance and manner of performance may be compelled by mandamus. In other words, mandamus lies to compel the performance of a merely ministerial duty."

To hold otherwise would enlarge the writ beyond its true scope and would divert its use so as to obtain appellate relief by compelling the court to which application is made to review the action of the defendant against whom it is sought. No such usurping functions have ever been given to the writ, and wherever it is thus sought to be employed it is the duty of the court to deny it.

There can be no doubt but that it is mandatory on the part of a personal representative to file the inventory of the estate of the decedent mentioned in section 3855 of the Kentucky statutes, and it is likewise mandatory that the county court should require it to be filed. Dant's

Exr. v. Cooper, 123 Ky. 359; McGee's Exr. v. Weissinger, 147 Ky. 321; Commonwealth v. Gaulbert's Admr., 134 Ky. 157, and Commonwealth v. Peter, 136 Ky. 689. If in this case the administrator of Harkness had not filed *any* inventory of his decedent's estate and the effort had been by the sought-for rule to compel him to do so, and the appellee had declined to issue the rule, there can be but little doubt but that a proceeding of this kind would have been appropriate to compel the issuing of the rule, but the facts of this case present entirely different conditions. The question upon the trial of the motion for the rule as presented before appellee was not one requiring an inventory to be filed by the administrator, but it sought the amendment of one previously filed so as to include property which the mover for the rule insisted should be included. Whether this was true or not depended upon collateral facts, among which was whether the property was of that nature, kind and description that could be properly and legally administered here. The determination of these facts was the exercise of judicial discretion. It required an investigation and a determination of the issues of fact as well as of law presented by the respective contentions. We therefore have presented a case wherein the remedy by mandamus under the rule, *supra,* clearly has no application.

Furthermore, the Hughes case, *supra,* with the references therein made is authority for the rule that mandamus will not lie where the remedy by appeal exists. Section 978 of the Kentucky Statutes confers the right of appeal from certain orders and judgments of the fiscal court, county and quarterly courts, to the circuit court. Among the instances for which such an appeal is therein provided is one "from all judgments and orders of said court (county court) . . . . in the settlement of the accounts of personal representatives."

Whatever may be necessary to authorize an appeal from such settlements, as the filing of exceptions, &c., it is manifest that in the instant case litigation as well as hearing of evidence was had upon the right of the revenue agent to have the alleged omitted property included in the inventory. The matter involved upon that hearing constituted and was a step looking to a final settlement of the estate, and we are clearly of the opinion

that the order or judgment declining to issue the rule against the administrator was one from which an appeal might have been prosecuted by the revenue agent to the circuit court under the provisions of section 978, *supra.* This being true, it furnished an additional reason in support of the judgment appealed from wherein the writ was denied. Other questions presented and discussed are, for the reasons stated, not determined.

It results therefore that the judgment must be and it is affirmed.