# Fidelity & Deposit Company of Maryland v. Gardner, Judge, et al.

(Decided January 27, 1928.)

## Petition for Writ of Mandamus.

1. Mandamus.—Mandamus will lie to compel official to exercise discretion lodged with him or to render judgment in a proceeding, but not to control his discretion or to compel him to render a particular kind of judgment.

2. Courts.—Court of Appeals will not grant original writ of mandamus to compel county judge to enter order releasing corporation as surety on sheriff's official bond, under Ky. Stats., secs. 4659-4664, since circuit court has jurisdiction to issue such writ against county judge, under Civil Code of Practice, sec. 474, which affords an adequate remedy.

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT and LEO T. WOLFORD for petitioner.

JOHN A. LOGAN and ALEX M. CHANEY for respondents.

OPINION BY JUDGE REES—Dismissing motion for writ of mandamus.

The petitioner, Fidelity & Deposit Company of Maryland, instituted a proceeding in the Warren county court under sections 4659-4664, Kentucky Statutes, in which it sought to procure its release as surety on the official bond of the respondent, H. Lee Kelley, sheriff of Warren county, and indemnity for liability already incurred. The respondent Gardner, as county judge, refused to grant any relief to the petitioner on the ground that corporate sureties were not entitled to invoke the privilege granted by section 4659 of the Kentucky Statutes.

This is an original proceeding in this court wherein the petitioner is seeking a writ of mandamus against the respondent Gardner to require him to set aside his previous order and enter an order granting to the petitioner the relief sought by it, and for a proper writ against the respondent Kelley to require him to execute a bond with surety to indemnify the petitioner against liability already accrued and prohibiting him from performing the duties of his office until he shall have done so.

Mandamus is a proper remedy to compel an official to exercise discretion lodged with him or to render judgment in a proceeding, but it cannot be employed to con-

trol his discretion or to direct him to render a particular kind of judgment. Speckert v. Ray, 166 Ky. 622, 179 S. W. 592, 4 A. L. R. 603; J. B. B. Coal Co. v. Halbert, 169 Ky. 688, 184 S. W. 1116; Commonwealth v. Bullock, 178 Ky. 729, 200 S. W. 45; Williams v. Howard, 192 Ky. 356, 233 S. W. 753.

The petitioner insists, however, that this is not a case where this court is asked to control the discretion of a lower court, but that the statute under which it is seeking relief makes it a mandatory duty to grant the relief whenever the proper notice is served and the proper motion is made, and that no discretion is left to the county court, but that it became the absolute duty of the county judge to enter the order which the petitioner requested.

Conceding for the purpose of argument that the petitioner's contention is correct, the circuit court has jurisdiction to issue a writ of mandamus against the county judge, which affords the petitioner an adequate remedy. Under such circumstances this court has consistently declined to take jurisdiction. McDonald v. De Haven, Judge, 192 Ky. 679, 234 S. W. 277; Western Oil Refining Co. v. Wells, 180 Ky. 32, 201 S. W. 473; section 474, Civil Code.

Wherefore the motion for the writ is denied, and the petition dismissed.