## Fidelity & Deposit Company of Maryland v. Logan et al.

(Decided January 16, 1931.)

566

WM. MARSHALL BULLITT, LEO T. WOLFORD and BYRON RENFREW for appellant.

CHAS. R. BELL, R. C. P. THOMAS and LOGAN, GILLIAM & LOGAN for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

At the regular November election in 1925, H. Lee Kelly was elected sheriff of Warren county and thereafter qualified with the appellant herein, Fidelity & Deposit Company of Maryland, as his surety. On July 29, 1927, in an effort to avail itself of the rights and remedies providing for the release of sureties in section 4659 et seq. of the Kentucky Statutes, the appellant served notice on Kelly that it would on August 22d thereafter move the county court of Warren county to cancel the bonds upon which it was surety for him and to require Kelly to execute an indemnifying bond indemnifying it against any past defalcations on his part. The motion was duly made on the day fixed in the notice, but, relying on the opinion of this court in the case of United States Fidelity & Guaranty Company v. Paxton, 142 Ky. 361, 134 S. W. 481, to the effect that the provisions of the statute relied upon had no application to a corporate surety for reward, the county judge overruled the motion. Thereupon the appellant instituted a proceeding in this court to compel the county judge to enter the order requested. The appellant was unsuccessful in that proceeding, because this court was of the opinion that it had no jurisdiction of such an original action and that the remedy of the surety company, if any, was to institute a mandamus proceeding in the circuit court. Fidelity & Deposit Company of Maryland v. Gardner, 223 Ky. 196, 3 S. W. (2d) 219. Thereupon the appellant did institute a suit in the circuit court to compel the county judge to enter the order requested. The circuit court, likewise relying on the Paxton case, supra, dismissed the appellant's petition. It thereupon appealed to this court, and, in the case of Fidelity & Deposit Company of Maryland v. Logan, 230 Ky. 776, 20 S. W. (2d) 753, the Paxton case was overruled and the judgment of the circuit court was reversed, with directions to enter a judgment direct-

ing the county judge to sustain the motion the appellant had made before him. In that opinion we expressly declined to adjudge whether or not the sustaining of the appellant's motion should be as of August 22, 1927, or as of the time when the county judge should enter the order he was commanded to make. On return of that case to the circuit court, judgment was entered directing the county judge to set aside the order of August 22, 1927, overruling the motion of appellant made that day, to bring before him the governmental agencies the collection of whose taxes and the accounting therefor were involved in the relief asked for by the surety company against the sheriff, the collecting officer, and after such hearing to enter an order relieving the surety company of further liability and requiring of the sheriff an indemnifying bond for liability already incurred. Thereafter the county judge proceeded in accordance with the judgment of the circuit court, but when he came to enter the order relieving the appellant of further liability as surety for the sheriff, the question arose as to whether the order should be retroactive and the appellant relieved of such liability as of August 22, 1927, or should it take effect as of the date of the filing of the mandate of the Court of Appeals in the Logan case, supra, in the circuit court, that is, December 19, 1929, and the appellant relieved of the liability as of that date. The county judge decided in favor of the latter alternative. On appeal to the circuit court, a like judgment was entered, and, from this judgment, this appeal is prosecuted.

The contention of the appellant that it should be relieved of future liability as surety on the sheriff's bond as of August 22, 1927, necessarily comes to this: The statute, but for which, in the absence of some contractual right, the surety could not obtain such a release as is here sought, provides for an automatic release on the day set in the notice for the consideration of the motion for a release of liability. But a reading of the provisions of the statute demonstrates that such is not the case. Judicial action is necessary at least where the principal fails to execute a new bond. The time within which such new bond may be executed may be fixed beyond that specified in the notice. In default of the execution of a new bond, the statute provides that the county judge in removing the fiduciary or public officer from his office not only must make needful orders for the protection of

the surety, but also must make such orders as will protect the trust or estate which has been confided to the fiduciary or officer whom he removes. The two things are coupled, and the surety cannot be relieved of liability unless and until such orders as are needed to protect the estate are made.

The case of Moore, etc., v. Potter, Trustee, etc., 9 Bush, 357, does not sustain the position of the appellant that a motion for release of liability automatically works that result. In this Moore case, the fiduciary, after having been notified of the proposed proceeding of the surety to be released from liability on the fiduciary's bond, voluntarily executed a new bond with new surety. Section 2 of chapter 97 of the Revised Statutes then in force is like section 4663 of the present Statutes, which provides that the execution of a new bond operates as a discharge of future liability of all the sureties on the old bond who had sought to be released from such liability. The court in the Moore case properly held that, under the statute, the execution of a new bond discharged the old surety from future liability without the necessity of a court order. But this holding is a very different one from that proposed by the appellant to the effect that the making of a motion for a release itself works that result. The statute does not so provide. If the fiduciary or officer executes a new bond, that does, under the statute, automatically discharge the old sureties from future liability. But, if the fiduciary or officer does not execute new bond, the statute provides for judicial action to remove him from office, protect the surety, and guard the estate.

In the instant case, the county judge, erroneously, though excusably, as it turned out, overruled the appellant's motion made on August 22, 1927. Appellant could not be relieved of future liability as surety on the sheriff's bond unless and until such orders as were needful to protect the governmental agencies in the collection of their taxes of which the sheriff was the collecting officer were made. Under the statute, the appellant would be liable until the new bond was executed or in default of that until the sheriff was removed from office and the orders necessary to protect the governmental agencies, entered. These governmental agencies, not being parties to the proceeding of August 22d, are in no wise respon-

sible for any error the county judge may have made in overruling on that date the motion of the appellant then made. To make effective as of August 22, 1927, appellant's motion would be to affect adversely and very seriously, as this record discloses, the rights of these governmental agencies as to taxes collected thereafter by the sheriff. The appellant, having become bound voluntarily by its suretyship to protect these rights, must remain liable to those whom it has agreed to protect until it can procure by judicial action its release from such liability. That it may be temporarily thwarted in the effort to obtain such release by an erroneous ruling of the court to which it must, under the statute, apply for relief, will not, at least in the absence of some action or position on the part of those to whom the company is bound as surety leading or tending to lead the court into error, release it from that liability. Were it otherwise, the governmental agencies which were not parties to the original motion, which took no part in those proceedings and which had no opportunity to protect their rights, would have their interests destroyed through no fault of theirs. The appellant having agreed to protect these governmental agencies, must as between it and them, bear the brunt of an erroneous ruling of the court for which the governmental agencies were in no wise to blame, because, by becoming surety in the first instance for the sheriff, the surety company made effective the right of the sheriff to collect the taxes for these agencies and hence possibly a loss to them through a default on the part of the sheriff. Having made this possible, as between it and the governmental agencies, the surety company must bear any loss until the sheriff is removed and the necessary orders entered to protect them. The cases of Landers v. Tracy, 171 Ky. 657, 188 S. W. 763, and Bohannon, Sheriff, v. Bank of Shelbyville, 63 S. W. 474, 23 Ky. Law Rep. 508, relied upon by the appellant, do not support its position. The Landers case has no application whatever as a reading of it will disclose. In the Bohannon case, the rights of third parties were not involved.

It follows, therefore, that the county court in declining to enter an order releasing appellant from future liability as of August 22, 1927, and in releasing it from such liability as of December 19, 1929, and the circuit court in

570

entering a like order, correctly decided the issue. The judgment of the circuit court is therefore affirmed.

Whole court sitting, except CHIEF JUSTICE LOGAN, who took no part in the decision.