## Ohio River Contract Company v. Gordon, Judge.

(Decided May 26, 1916.)

### Petition for Writ of Prohibition.

1. Courts—Courts of Appellate Jurisdiction.—The Court of Appeals is a court primarily of appellate jurisdiction and its original jurisdiction is limited to the causes set out in section 110, of the constitution.

2. Courts—Courts of Appellate Jurisdiction—Jurisdiction of Inferior Courts.—As a general principle, this court will not, by the use of any extraordinary writs, interfere with the jurisdiction of the inferior courts or their discretion in hearing and determining questions of either law or fact, of which they have original jurisdiction, or with the course of justice in the inferior courts, when its administration is proceeding in its usual and ordinary way.

3. Prohibition—When Writ of Will be Granted.—Only in exceptional cases or where an unusual state of facts are presented, which makes it apparent that injurious consequences will result, against which there is no other adequate remedy, will the writ of prohibition be granted.

4. Prohibition—Discretion as to Grant of Writ.—The writ of prohibition is a matter reposing in sound discretion; determined by the facts of the particular case, which must in their character be exceptional or unusual, so as to make it apparent that a violation of one's rights is threatened, and against the results of which he has no adequate remedy, other than the writ of prohibition.

5. Prohibition—Writ of Will be Denied Where Adequate Remedy by Appeal.—If a party has an adequate remedy by appeal, the writ of prohibition will be denied him, although the inferior court may be proceeding out of its jurisdiction or erroneously within its jurisdiction.

6. Prohibition—Jurisdiction, Proceedings and Relief—Appeal.—Although an appeal from the judgment of the circuit court to this court by a party, of whose person the circuit court has not jurisdiction, may have the effect upon a reversal of the judgment to give the. circuit court jurisdiction of his person· for all the purposes of the action, this being a principle applied to all litigants in this jurisdiction, it has never been considered such a threatened injustice, without remedy, as to justify the granting of a writ of prohibition.

J. P. HOBSON & SON and RICHARDS & HARRIS for petitioner.

O'DOHERTY & YONTS for respondent.

OPINION OF THE COURT BY JUDGE HURT—Dismissing petition for writ of prohibition.

The Ohio River Contract Company, whom we will call the petitioner, is a corporation which was organized by and exists under the laws of the state of Indiana, and as such is qualified to sue and be sued in its corporate name. It maintained its principal place of business and all of its officers reside in the state of Indiana. Under a contract with the United States government, it was engaged in the work incident to the construction of a canal and a lock and dam upon a certain piece of land, which had been acquired by the Federal government by purchase or by condemnation, and with the consent of the legislative branch of the government of the state of Kentucky. The land is situated upon or near the south bank of the Ohio river, in Jefferson county, and it is to be inferred from the record that it was acquired by the Federal government for the purpose of widening the canal at that point, and the erection of a lock and dam. The record does not disclose the extent of the lands thus acquired. The machinery used and all the operations of the petitioner were conducted upon this piece of land,

except that it constructed and maintained a tramway, which extended over the boundaries of the piece of land and onto lands which are the property of Kentucky and Indiana Terminal Railway Company, and which are situated in Jefferson county and the tramway was used in removing, by means of it, the cars, which were loaded with dirt and stones obtained by the digging of the canal, from the lands of the Federal government to the lands of the Kentucky and Indiana Terminal Railway Company, where the debris was dumped. When the petitioner began operations under the contract for the work mentioned, it made out and filed in the office of the Secretary of State of Kentucky, a statement in which it designated C. H. Wright as its agent, upon whom process could be served in the event of any one instituting litigation against it in the state of Kentucky, as is required by section 571, of the Ky. Statutes, of all corporations which engage in business in this state. The statement was to the effect, that the place of business of the Ohio River Contract Company (a corporation of the state of Indiana), in Kentucky, was at Lock No. 41, 31st street and the river, Government Reservation, Louisville, Ky., and that Clarence H. Wright, of Louisville, Ky., was its agent thereat, upon whom process might be served in any suit which might be brought against it within the state of Kentucky. One Haines, an employee of the petitioner, instituted an action in the Jefferson circuit court against the petitioner and one Fred Swisher, an employee of the petitioner, in which he alleged, that he had received a personal injury, which was caused by the negligence of petitioner and Swisher, and sought a recovery in damages against them. A summons was issued against plaintiff and Swisher, directed to the sheriff of Jefferson county. It was served upon Wright, as the agent of petitioner, and upon Swisher, but the service upon each of them was made upon the piece of land which had been acquired by the Federal government.

The petitioner filed its petition, alleging that it was an inhabitant of the state of Indiana and that Haines and Swisher were citizens of the state of Kentucky, and that Swisher was fraudulently joined with it as a defendant in order to give the state courts jurisdiction of the cause of action, and prayed a removal of the cause into the Federal court for the Western District of Ken-

tucky. The motion to remove the action into the Federal court was overruled. The petitioner then caused a transcript of the record to be filed in the Federal court, when, upon motion of Haines, that court remanded the case to the Jefferson circuit court. The petitioner then entered a motion in the latter court to quash the return upon the summons which had been served upon Wright as its agent, and Swisher entered a like motion to quash the return as to him. While these motions were pending, an alias summons was issued and served upon Wright, as petitioner's agent, at his home in Louisville, and not upon the land which had been acquired by the Federal government. Many affidavits were filed as evidence upon the motions to quash the return upon the summons, and the motions were overruled. Then the petitioner and Swisher, without waiving their objections to the service of the summons upon them, filed special demurrers to the jurisdiction of the court of their persons, and, also, of the subject matter of the action. These demurrers were overruled. They then filed answers, in which, by the first paragraphs, they plead facts, which, as they contend, show that the courts of Jefferson county had neither jurisdiction of their persons nor of the cause of action, and then without waiving their pleas to the jurisdiction, plead to the merits of the action.

Haines then demurred to the paragraphs of the answers which plead the want of jurisdiction of the court. Before these demurrers had been disposed of the petitioner filed a petition in this court, by which it sought a writ of prohibition against the respondent, restraining him as a judge of the Jefferson circuit court, to whose division the action had been assigned, from proceeding any further in the disposition of the case. Thereafter the petitioner dismissed its petition for a writ of prohibition, in this court, and returning to the Jefferson circuit court, moved the court to first hear and decide the issue raised by it relating to the jurisdiction of that court. This motion was sustained and the issue tried and decided adversely to the petitioner and Swisher.

It should be stated that when the motions to quash the return upon the summons, as well as when the special demurrers were filed, the petitioner entered its appearance specially for those purposes and no others, and caused the record to so state.

After the circuit court decided that it had jurisdiction of both the persons of the petitioner and Swisher and the cause of action, which Haines was maintaining against them, the petitioner then instituted the present action in this court. It seeks a writ of prohibition against the respondent, as the judge of the Jefferson circuit court, common pleas branch, second division, to restrain him from proceeding any further with or making any further order in the case of Haines against petitioner, in the Jefferson circuit court, upon the alleged ground that such court has not jurisdiction of the person of petitioner nor the cause of action attempted to be stated against it.

Its contention is that it is a non-resident corporation and has no agent nor place of business in the state of Kentucky, and is not nor ever has engaged in doing business in the state of Kentucky, and therefore the courts of Kentucky have not and can not acquire jurisdiction of it, so as to authorize a personal judgment against it; that the court over which respondent presides could only acquire jurisdiction of its person by a valid service of summons upon it or by a waiver of its right to object, and that a valid service of summons can not be had upon it, unless it was engaged in doing business in the state; that the service of the summons upon Wright was void, because it was done upon the lands of the Federal government, where the processes of the state courts cannot run, and that the service of the alias summons was void, because it was not doing business in the state of Kentucky, and that Wright was not its agent for any purpose in Kentucky, and was without the jurisdiction where he was agent, except upon his own business, and hence it had never been served with a summons, nor had it done any act which amounts to a waiver of its right to object to the alleged jurisdiction of the Jefferson circuit court.

Its further contention is that it is not a citizen of Kentucky; that the place at which it was engaged in business and where Haines received his injury is not in the state of Kentucky; that it is a place which had been acquired by the Federal government by purchase or condemnation, with the consent of the legislature of Kentucky, in accordance with article I., sec. 8, subsection 17, of the Federal constitution, and that the jurisdiction of the Federal government is exclusive thereon, and the

jurisdiction of the courts of Kentucky has been removed and destroyed upon such territory, and hence the court of respondent has no jurisdiction of the subject matter of the action. This court, by the petition for the writ of prohibition, is called upon to interfere and prohibit the Jefferson circuit court from trying the action and from making any order or rendering any judgment in it. The petitioner claims that to permit the respondent to proceed any further with the hearing of or determination of the cause would be to deny it the due process of law, which is guaranteed to it by the Fourteenth Amendment to the Federal constitution.

To determine whether the prayer of the petition should be considered, it is necessary to take into consideration the jurisdiction of this court, and its power and authority to interfere with the subordinate courts in the exercise of their jurisdiction and the course of the administration of justice in them. The jurisdiction of this court is fixed by the provisions of section 110, of the constitution of the state, wherein the constitution makers significantly said:

"The Court of Appeals shall have appellate jurisdiction only, * * * under such restrictions and regulations not repugnant to this constitution, as may from time to time be prescribed by law."

The legislative department of the government of the state has, by statutes, prescribed the mode, manner and time for this court to exercise its appellate jurisdiction. A petition for a writ of prohibition presented in this court is not one of the methods or means provided by or through which a decision of a subordinate court can be brought up for a review by this court. The law makers have very wisely seen fit to repose the jurisdiction to originally hear and determine all controversies between citizens in the circuit courts and in the courts inferior to the circuit courts. These courts have their sittings in the communities where the causes of controversy must generally arise and are easily accessible to all the citizens of every station in life, and where the litigants, witnesses and those of the citizens who are called upon to assist in the administration of justice, have the advantage of acquaintanceship with each other, and with all those who may participate in the trials. The constitutional provision, *supra,* also, creates, whatever of original jurisdiction this court has and contains the

warrant for the granting of a writ of prohibition by this court, in the following language:

"Said court shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions."

The same authority is bestowed upon it by section 949, of Kentucky Statutes. While the purpose was to primarily make this court one of appellate jurisdiction only, it must have occurred to the constitution makers, that occasions might arise, when it would be necessary to the full administration of justice, that this court should have some degree of original jurisdiction. Reading these provisions in the light of their express language which makes this court primarily one of appellate jurisdiction, with its original jurisdiction limited to the purposes expressed, and in the light of the various statutes prescribing the mode, manner and time of the exercise of its appellate jurisdiction, it is manifest that it was not intended by the law makers as a general principle, that this court, by the use of any extraordinary writs or processes, should interfere with the jurisdiction of the inferior courts, or with their discretion in the hearing or decision of questions of either law or fact, of which they have original jurisdiction, or with the course of justice in the inferior courts when it is proceeding in the ordinary and usual way. Only in exceptional cases or where an unusual state of facts is presented, which makes it apparent that injurious consequences will result, against which there is no other adequate remedy, will the writ of prohibition be used, and then for the purpose most often of restoring the administration of justice to its accustomed channel, that its ordinary course may be insured. The writ of prohibition is not a writ which can be demanded as a matter of right and of course, but its granting or refusal is a matter which lies within the discretion of this court. For the reasons above stated, it has exercised its discretion to grant such a writ very sparingly, and then only as a matter of necessity to shield from injustice, against which there was no other adequate remedy and to preserve the orderly administration of the laws. It has been held, that under the provisions of section 110, of the constitution, *supra,* and section 949, of Ky. Statutes, *supra,* this court has authority to issue a writ of prohibition to restrain an inferior court when it is act-

ing without its jurisdiction, or when it is proceeding erroneously within its jurisdiction, and the party has no adequate remedy for the wrong he will suffer by reason of the erroneous proceeding, through appeal. Weaver v. Toney, 107 Ky. 419; Equitable Life Assurance Society v. Hardin, 166 Ky. 51. It has not, however, at any time been held that the writ of prohibition will issue in every instance and on every occasion, merely, because the court is proceeding out of its jurisdiction. Ordinarily when a court is proceeding out of its jurisdiction, there exists an ample and adequate remedy by appeal. In such cases the writ has been denied. White v. Kirby, 147 Ky. 496; Fish v. Benton, Judge, 138 Ky. 644. It has denied writs of prohibition to control the discretion of inferior tribunals in the matter of imposing fines, when the court was proceeding within its jurisdiction, although there was no right of appeal from the judgment and the court may have erred in its judgment. Carey v. Sampson, 150 Ky. 460; Com., etc. v. Weissenger, 143 Ky. 369; Standard Oil Co. v. Linn, 17 R. 832. It has denied writs against commissioners of courts and judges of courts inferior to the circuit courts, because the parties had ample remedies in the circuit courts. In no instance has a writ of prohibition been allowed against a court proceeding out of its jurisdiction or erroneously within its jurisdiction when any other adequate remedy for the threatened wrong existed, which was adequate. If the right of appeal exists and it is an adequate remedy, the complaining party must be relegated to his remedy through appeal. A review of all the cases decided by this court upon application for writs of prohibition under section 110, *supra*, sustains the view, that the writ is granted as a matter of sound discretion, determined by the facts of the particular case, which must present an exceptional or unusual state of facts, which make it apparent that an injury or violation of one's rights is threatened, and against the results of which he has no adequate remedy, other than the writ of prohibition. Weaver v. Toney, Judge, 107 Ky. 419; L. & N. R. R. Co. v. Miller, 112 Ky. 464; Campbellsville Telephone Co. v. Patterson, 114 Ky. 52; Jenkins v. Berry, 119 Ky. 350; Dupoyster v. Clarke, 121 Ky. 694; Renshaw v. Cook, 129 Ky. 347; Rush v. Denhardt, 138 Ky. 238; I. C. R. R. Co. v. Rice, 154 Ky. 198; Equitable Life Assurance Society v. Hardin, 166

Ky. 51; Louisville Public Warehouse Co. v. Miller, etc., 26 R. 351; Fish v. Benton, 138 Ky. 644; White v. Kirby, 147 Ky. 496; Montgomery v. Viers, 130 Ky. 694; Com. v. Peter, 136 Ky. 689; McGee's Extr. v. Weissenger, 147 Ky. 321; Morgan v. Clements, 153 Ky. 33. The case of Smith v. Davis, 170 Ky. 379, is not inconsistent with the view, herein expressed, since the writ was asked, to restrain the circuit court in an action for divorce, wherein no appeal would lie.

In the case, at bar, it appears that the respondent has already heard and decided, in the court over which he presides, the issues made as to the jurisdiction of the person and subject matter of the action in due course of judicial procedure, and before the petition herein was filed. These were mixed questions of law and fact. The judge of the Jefferson circuit court must necessarily exercise his judicial discretion and hear and decide the issues. He had original jurisdiction to do so. The effect of a writ of prohibition is to apply to this court to review the decisions of the respondent, as though upon appeal; and if the judgment of this court was not in conformity to his decision, to, in effect, require him to reverse his judgment and to dismiss the proceedings. These matters are such that the petitioner has an undoubted right to have them reviewed by this court upon appeal, if he has occasion to desire the same to be done. He has an adequate remedy and no exceptional or unusual facts are presented, which show that if the respondent is, in error, that petitioner will suffer any injurious results, against which he has no remedy, which will justify this court in interfering with the usual course of proceedings in the court, below, by a writ of prohibition. Of course, we make no intimation as to whether the decisions complained of are sound or unsound.

It is insisted, however, for petitioner, that in the event a trial should be had in the court over which respondent presides, of the action of Haines against it, and it should result adversely to petitioner, and he should upon appeal secure a reversal of the judgment because of want of jurisdiction of the court, then when it was remanded that it would be held, that by its act of appealing from the judgment to this court, it had entered its appearance to the action and waived its objection to the jurisdiction of the court over its person

and that it would be before the court for all further purposes of the case, in accordance with the rule in Grace v. Taylor, 1 Bibb 430; Pendleton v. Pendleton, 112 S. W. 674; Asher v. Cornett, 113 S. W. 131; Foster-Milburn Co. v. Chinn, 137 Ky. 834; Job's Iron & Steel Co. v. Clarke, 150 Ky. 246; Southern C. & C. Co. v. Bowling Green Coal Co., 161 Ky. 477, and Western Indemnity Co. v. Rupp, 235 U. S. 261. Doubtless, such a result would have the effect indicated, so far as the court below would thereby acquire jurisdiction of the person of petitioner, if it has not already such jurisdiction, which question we do not decide, but it would not have the effect to create jurisdiction of the subject matter of the action in the court of respondent. Such jurisdiction is created by the laws and not by any act of the party. To give such a contention weight, however, it would have to be assumed, that the decision of the suit upon its merits would be adverse to the petitioner, and that the decision of this court would be favorable to it. Besides, if such a result should come to petitioner, it would only be in the same situation in which the law places every litigant laboring under similar conditions. It will be observed from the authorities above cited, that it has for over a century been the established law in this State, that although a litigant has not been brought properly before a trial court, so as to give that court jurisdiction of his person, and judgment goes against him and he appeals to this court; if the judgment is reversed and the cause remanded, he is considered to have waived the question of jurisdiction of his person by the trial court and such court then has jurisdiction of his person for all the purposes of the action. The same rule prevails in substantially all of our sister jurisdictions. The effect of it has never been considered or held as a prejudice to a litigant's substantial rights. So long as such principle is held to be sound law and applicable to every litigant, the fear of the result of it could not be reasonably held to be a threatened danger, against the injurious results of which there was no adequate remedy, such as to justify this court, upon a speculation, that it would result injuriously to petitioner, to interfere in his behalf by a writ of prohibition, when we apply the doctrine to every other litigant.

The petition is therefore dismissed, and the motion for a writ of prohibition denied.