## Gilman v. Doak, County Judge.

(Decided February 24, 1922.)

### Motion for Writ of Prohibition.

1. Prohibition—Supervisory Power Conferred by Section 110 of Consitution.—The supervisory power conferred upon this court by section 110 of the Constitution is wholly independent of any question of jurisdiction in the inferior courts, but in no event will it be exercised unless the failure to call it into use will eventuate in a manifest injustice for which the petitioner has no other remedy.

2. Prohibition—Petition.—On the application to this court for a writ of prohibition the petition will be examined and if it does not show that a manifest injustice will result from a failure to issue the writ the application will be denied.

3. Prohibition—Petition.—A petition for a writ of prohibition is an original proceeding in which the court should consider the entire record, including the response and the evidence offered by the parties.

4.   Prohibition—Evidence.—The record in this proceeding examined
      and held not to present such a case as justifies the granting of a
      writ of prohibition.

HUNT, NORTHCUTT & BUSH and F. A. BULLOCK for appel-
lant.

CARRICK & KEENON, D. C. HUNTER and GEO. C. WEBB for
appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Overrul-
ing the motion and denying the writ.

C. B. Gilman, on petition filed in this court, seeks an
order prohibiting E. H. Doak, judge of the Fayette
county court, from hearing and acting on charges filed
against the petitioner as oil inspector.

It is alleged that the petitioner is the duly appointed
oil inspector of Fayette county for a term of four years,
ending August 22, 1922; that the defendant, when a candi-
date for the Democratic nomination for the office of
county judge of Fayette county in 1921, and, thereafter
while a candidate at the regular November election in
1921, at which he was elected, promised and agreed to ap-
point Rodes Downing to the office of oil inspector of Fay-
ette county; that in attempting to carry out that promise
defendant has prepared and assisted in preparing
charges of incompetency and misconduct in office against
the petitioner; has undertaken to obtain proof from va-
rious sources to sustain such charges; and has otherwise
so actively participated in an attempt to remove the pe-
titioner from office that he cannot in fairness to himself
or to the petitioner preside at the hearing of the charges.

It is further alleged that on January 14, 1922, a notice,
signed by the respondent, was served on the petitioner,
charging him with misconduct, negligence and incompe-
tency in office, in that the petitioner and his assistant in
the inspection of oil and gasoline at various stations in
Fayette county had permitted samples for inspection to
be taken from tanks, casks or barrels, out of their pres-
ence and without their personal knowledge, and received
such samples for inspection, as if they had in person
taken them; that they had continually accepted samples
of oil and gasoline, furnished by the owners of gasoline
stations or their employes, without making any test at
the time they were furnished or accepted, and had failed
to furnish the owners of such oil or gasoline any report

as to the test and did not brand the barrels or other receptacles with a brand containing the words "approved test," but permitted the owners of the oil and their employes to use a brand approving the oil or gasoline and to affix the same to the barrels, tanks or other receptacles as such owners or their employes might desire, and that such brands had been so affixed without the presence of the petitioner or his assistant, who had accepted the statements of the owners and their employes as to the tests.

In due time, after the charges were made, the petitioner appeared before defendant and filed an affidavit, charging him with prejudice and unfairness and asking him to vacate the bench and allow the charges to be tried by some one to be selected to sit in his place. Defendant refused to vacate the bench, and thereupon petitioner was given time to prepare and file his defense to the charges. Thereafter in the Fayette circuit court, before making any defense to the charges, petitioner procured a temporary restraining order, but before the expiration of the same this petition was filed for a writ of prohibition.

In this court defendant denies the material allegations of the petition and alleges facts in support of the charges. He also files affidavits supporting the affirmative allegations of the response. It is admitted by counsel for petitioner that the judge of the Fayette county court in proceeding to try the charges filed was not acting without his jurisdiction; that it was not within the power of the Fayette circuit court to grant a writ of prohibition in that state of case, and that the power of this court in the premises exists solely by reason of section 110 of the Constitution.

Undoubtedly section 110 of the Constitution confides to this court the power to issue such writs as may be necessary to give it a general control over courts of inferior jurisdiction. In a number of cases we have held that this supervisory power is wholly independent of any question of jurisdiction in the inferior courts. (Jenkins v. Berry, 122 Ky. 311; Morris v. Randall, 129 Ky. 720; Rush v. Denhardt, 138 Ky. 238; Ohio River Contract Co. v. Gordon, 170 Ky. 412.) But, whether employed or withheld, there has been an invariable recognition of the rule that in no event will it be exercised, unless the failure to call it into use will eventuate in a manifest injustice for which the petitioner has no other remedy.

Rush v. Denhardt, 138 Ky. 238, is the main reliance for the order sought. That suit involved the action of the county judge of Warren county in proceeding, under section 4206 of Kentucky Statutes, to require certain liquor dealers to show cause why their licenses should not be cancelled for violating the provisions of their bonds and the licensing act. It was decided that the authority of this court, under section 110 of the Constitution, would be exercised to protect the rights of the dealers and preserve the efficacy of their licenses pending an impartial determination of the charges against them.

The exercise of the power conferred by section 110 of the Constitution is a subject that addresses itself to the prudence of the court, to be resolved on the merits of the particular case under consideration. The danger of an indiscriminate exercise of the power must be conceded, and, consequently, its invocation can not be approved where the demand is based solely on counsel's conception of a remediless error. Nor is it justifiable on the ground that the lower court's ruling is not reviewable, by appeal, for it has uniformly been held that the right of appeal is not an inherent right, but is a matter of grace to be granted or withheld by the legislature in the exercise of its discretion. (Carey v. Sampson, Judge, 150 Ky. 460; Ohio River Contract Co. v. Gordon, 170 Ky. 412.)

Ohio River Contract Co. v. Gordon, *supra*, is a relatively recent case in which there is a reiteration of the established rule, that the granting of a writ of prohibition under section 110 of the Constitution is never warranted save in exceptional or unusual cases, where it is shown that an injury or the violation of one's rights is threatened, against which there is no other adequate remedy.

In the case at bar, defendant was proceeding under section 2204 of Kentucky Statutes which in substance provides, that the judges of the county court of each county in the state may appoint an inspector in their respective counties, who shall remain in office for four years unless removed by the court for misconduct, negligence or incompetency.

The soundness of the opinion in Rush v. Denhardt, *supra*, is not questioned, but it must be understood that it rests on the merits of that particular case. There property rights were involved of which the petitioners

would have been deprived—temporarily at least—had respondent been permitted to preside at the trial and carry out his avowed intention. The office of oil inspector is not a constitutional office. No property rights therein appertain to the petitioner. Were the facts in the two cases otherwise alike this is a conceivable reason for added reluctance in employing in this case the extraordinary power conferred by the Constitution.

But looking alone to the merits of the case we do not think the motion should prevail. Considered from that viewpoint, it is remarkable that the petitioner does not deny that the charges are true. The charges are set out in the petition but they are undenied. The rule that a pleading must be construed strictly against the pleader is as applicable here as in any other proceeding. If the charges are true, the petitioner has flagrantly violated his duties, prescribed by the statutes, and he should be removed from office. If it be admitted, therefore, that the respondent has predetermined the case, as alleged, it does not appear that the petitioner is not guilty of the misfeasance charged or that he would be wrongfully removed from office. The allegation that he has no adequate remedy at law and will be greatly and irreparably damaged unless the order is issued is a conclusion, unsupported by any averment of fact showing that he is entitled to the relief sought. Hence, we conclude that there is not enough equity in the petition to warrant an issuance of the writ.

Again, this is an original proceeding in which the court should consider the entire record, including the evidence offered by the parties. (Renshaw v. Cook, 129 Ky. 347; Fish v. Burton, Judge, 138 Ky. 644; McGee's Exor. v. Weissinger, Judge, 147 Ky. 321; Smith v. Davis, Judge, 170 Ky. 379.) In the response the charges are alleged to be true and affidavits are filed supporting them. The petitioner has not attempted to controvert these affirmative allegations nor has he filed any counter affidavits denying the statements of those supporting the charges. As thus constituted the record fails utterly to show that the petitioner will suffer any manifest injustice in the hearing before defendant. This is an imperative reason for withholding the writ.

The motion is overruled and the writ denied.