## Tompkins, et al. v. Manning, Judge.

(Decided October 31, 1924.)

### Petition for Writ of Prohibition.

1. Contempt—Effect of Replevying Judgment Levying Fine.—Effect of replevying judgment assessing fine for contempt is to merge judgment, but if judgment was void for want of jurisdiction of subject-matter, or person, or any other cause, replevin bond would also be invalid and unenforceable, in which case bond does not merge or satisfy judgment.

2. Courts—Court of Appeals Held Without Jurisdiction to Issue Writ Against Judge Fining for Contempt.—Court of appeals is without jurisdiction to issue writ to restrain enforcement of judgment assessing fines for contempt, under Constitution, section 110, and Ky. Stats. 1922, sections 950, 951, in absence of show-

ing that great and irreparable injury would result if writ was denied.

J. A. EDGE for plaintiffs.

MURRAY L. BROWN, GEORGE G. BROCK, FRANK E. DAUGH-ERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for defendant.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing the petition for writ of prohibition.

The defendant, A. T. W. Manning, judge of the Laurel circuit court, issued a rule against plaintiff, J. S. Tompkins, to show cause why he should not be punished for contempt of court committed in the publication and printing of certain alleged contemptuous matter in the Laurel County Sun, a paper owned and published by plaintiff. Tompkins employed as his attorneys the other plaintiffs, B. G. Reams, Reuben Johnson, W. M. Lewis and Ray C. Lewis, and they prepared a response to the rule issued against Tompkins and the latter swore to it and it was filed in the Laurel circuit court by the attorneys. The defendant construed the subject matter of the response as also contemptuous and entered a fine against Tompkins and his four attorneys of $30.00 each. Two of the plaintiffs paid the fine and the other three replevied the ones entered against them, and thereupon all plaintiffs filed their joint petition in this court asking for a writ of prohibition against the judge of the Laurel circuit court "and all other persons acting through him or by reason of the judgment and replevin bonds aforesaid, prohibiting and restraining him and them from enforcing or attempting to enforce the collection of either of the replevin bonds herein mentioned and from attempting to commit either of the plaintiffs herein to jail by reason of the said replevin bonds or the judgment herein mentioned by reason of their failing to pay the same or either of the same;  .  .  .  and for an order commanding and directing the said judge aforesaid to enter an order of record in the Laurel circuit court cancelling, setting aside and holding for naught the judgment aforesaid," etc.

If it should be conceded that the facts of this case conferred on this court jurisdiction under section 110 of the Constitution to grant the relief prayed for, we would then be confronted with the fact that the judgment, the

enforcement of which is sought to be prohibited, has already been satisfied by two of the plaintiffs paying it as to each of them, and the other three merged the judgment against them in a replevin bond which they each executed and which has the effect to so merge the judgment, and it was so held by us in the cases of Kouns v. Bank of Kentucky, 2 B. Mon. 303; Hoskins v. Parsons, 1 Met. 251, and Gray v. Merrill, 11 Bush 633. However, if the replevin judgment was itself void for want of jurisdiction of the subject matter or of the person of defendant therein, or for any other cause, then a bond executed replevying it would also be invalid and unenforceable, as was held in the case of Bramlett v. McVey, 91 Ky. 151; and in such case the execution of the bond would not have the effect to merge or satisfy the judgment. The question in this case would then be, whether the judgments against the plaintiffs who replevied them were void for any reason, and if not the replevin bonds would be valid and their execution would merge the likewise valid judgment. We do not find any fact rendering either of the judgments invalid. The court had jurisdiction over the subject matter and of the person of each of the plaintiffs, and also had the right to proceed in the summary method employed, if a contempt was committed in the presence of the court, and the fine imposed was within the limitations that the court had authority to inflict. Without further discussing this phase of the case, we feel that it is sufficient to say that if we possessed undoubted jurisdiction to grant the relief sought, we are very much inclined to the opinion that the satisfaction of the judgments, by paying two of them and replevying the other three, extinguished the right of plaintiffs to obtain the remedy they seek because the questions involved are moot. But we have concluded to waive that question and not to base this opinion thereon because it is our conclusion that we do not have jurisdiction to issue the writ prayed for under the facts presented.

Section 950-1 of the 1922 edition of Carroll's Kentucky Statutes expressly denies the right of appeal from judgments "punishing contempt." Notwithstanding that statute, we have entertained appeals from a class of contempt judgments where the punishment was such as to authorize the appeal upon sufficiently appearing grounds, chief among which was when the court was proceeding without jurisdiction, but, in which class of cases, the instant one does not belong, even if the amount of the fine

was sufficient to authorize it. We have also held in a number of cases that even though the right of appeal for any cause did not exist, this court would exercise its jurisdiction conferred by the section of the Constitution, *supra*, if the inferior court was acting without jurisdiction or in excess of its jurisdiction, or if acting within its jurisdiction *and* great and irreparable injury would result from withholding the writ. But, we have in only one case exercised original jurisdiction to issue a writ under that section of the Constitution in the absence of a showing that great and irreparable injury would result to the applicant if denied and that case is Huggins v. Field, 196 Ky. 501. There, as here, the question was *contempt* or *no contempt*. There were three imposed fines on the plaintiff, Huggins, and of course, he was insisting on a disposition of the case on its merits, as was also true of the defendant, Fields. We discussed in that opinion the question of our jurisdiction and expressed grave doubts of its existence. The opinion was prepared by the writer of this one, and frankness compels him to say that he was then convinced of the want of jurisdiction in this court, but he and other members of the court concluded that in as much as the question there involved was of great importance to the practice, and both parties were insisting on its determination upon the merits, that we would waive the question of jurisdiction, and that determination was expressly stated in that opinion in this language:

> "Notwithstanding, however, the doubt which we entertain of our jurisdiction in this case, we have concluded to waive the point and to treat the particular case as one of which we have jurisdiction in this original action and determine it upon its merits, though in doing so we would not be understood as creating a precedent for similar cases in the future."

The latest case from this court discussing the circumstances and conditions under which this court will assume jurisdiction to issue the writ is that of Natural Gas Products Co. v. I. H. Thurman, Judge, etc., 205 Ky. 100, and in that opinion the case of Ohio River Contract Co. v. Gordon, 170 Ky. 412, is referred to and inserted excerpts from it were made in the Thurman opinion. There will also be found many other cases referred to in the Gordon opinion, as is also true of the Huggins opinion.

It will, therefore, be unnecessary to repeat in this opinion those circumstances and conditions. It is sufficient to say that in this case there was only one fine against each of the plaintiffs and there were no other pending cases upon which the presiding judge had expressed a determination to assess a judgment against plaintiffs for the maximum or any other amount, and, therefore, no case of multiplicity of harassments, or great and irreparable injury with no adequate remedy, is presented. If we should assume to control or review the action of inferior courts in each isolated instance where it made a mistake in judgment, or committed an error when proceeding within its jurisdiction, we would have but little time to dispose of regular appeals brought to this court; and, in addition thereto, we would indirectly review the case as if on appeal when the statute expressly forbids one to be prosecuted directly.

We, therefore, conclude that we have no jurisdiction of this petition and it is dismissed. Whole court sitting except Judge Settle, who was absent on account of illness.