## Walker v. Burgevin, Judge.

(Decided June 21, 1927.)

Appeal from Jefferson Circuit Court
(Criminal Division).

1. Prohibition.—Order permitting defendant to prosecute appeal in forma pauperis, and directing court officers, including stenographer, to furnish him service and transcripts without compensa-

tion, is not appealable, and hence stenographer's only redress is by writ of prohibition.

2. Prohibition.—Under Constitution, section 110, writ of prohibition may be granted stenographer, ordered to furnish transcript without compensation to defendant appealing in forma pauperis, if court acted without, or in excess of, jurisdiction, or its action will result in great and irreparable injury to petitioner.

3. Courts.—Court may permit defendant to prosecute appeal in forma pauperis, under Ky. Stats., section 884, and require clerk and stenographer to furnish transcripts without payment of fees.

4. Courts.—Stenographer, assuming duties of official court stenographer, who was ill, and acting as stenographer with court's and parties' consent, without court order or official oath, was "de facto officer," whom court could require to furnish transcript without compensation to defendant appealing in forma pauperis.

5. Courts.—That defendant's counsel procured $15 for prosecuting appeal held insufficient to show that court acted arbitrarily in permitting defendant to appeal in forma pauperis, so as to entitle stenographer to fee for furnishing transcript, though ordered to furnish it without compensation.

6. Prohibition.—That stenographer was not advised of order, made in ample time, to furnish transcript free to defendant appealing in forma pauperis, until over 120 days after final judgment, and show cause rule was issued after expiration of time limit, held not to entitle him to writ of prohibition; court having power to enforce order after expiration of such time, and defendant's right to file transcript at later date, under Ky. Stats., section 1016, not being for petitioner to determine.

JOHN D. CLAUSON for appellant.

CHARLES W. LOGAN for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Denying writ of prohibition.

On this petition for a writ of prohibition the petitioner, an expert stenographer, states that, upon the trial of James Howard on the charge of murder in the Jefferson circuit court, criminal division, the official stenographer of that court, John P. Cassilly, was ill, and that, by consent of the commonwealth, the defendant, and the court, the petitioner took the evidence heard in the case in shorthand; but he was not appointed as official stenographer, did not take any oath of office, nor was any order of court entered in reference to his participation in the case. The defendant on trial was found guilty, and his punishment fixed at death. His motion for a new trial was overruled October 6, 1926, and 60 days given within which to prepare and file a bill of exceptions for the pur-

pose of an appeal.  On November 3d he was granted 60 days additional, within which to tender and file such appeal.  On January 18, 1927, an order was entered permitting defendant to prosecute his appeal in forma pauperis and directing the officers of the court, including the stenographer, to furnish him service and transcripts without compensation.  Petitioner was not advised of this order until February 8, 1927, when he declined to make the transcript, unless he was paid for it.  On February 11th a rule was awarded against petitioner to show cause why he should not transcribe his notes and furnish a transcript of evidence to defendant.  He responded, justifying his action on the grounds: (1) That he had never been sworn as an official in the case nor in that court at any time, and was not an officer of the court, and therefore the court was without authority to order him to furnish the transcript; (2) that the attorney for defendant had admitted in open court that he had received $15 to prosecute the appeal; (3) that more than 120 days had elapsed since final judgment before the "show cause" rule was issued, and no extension of time had been asked or granted by this court; hence same could not be extended, and, under section 1016, Ky. Statutes, the trial court was without authority to require him to make such transcript.  His response was adjudged insufficient and the rule made absolute, and he now prays for a writ directing the trial judge to dismiss the rule against him.

The order entered by the trial court is not appealable; hence the only redress for petitioner is by a writ of prohibition.  This may be granted if the trial court acted without or in excess of its jurisdiction, or if, acting within its jurisdiction, its action will result in a great and irreparable injury to the petitioner. State Constitution, section 110; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S. W. 178; Western Oil Refining Co. v. Wells, 180 Ky. 32, 201 S. W. 473; Natural Products Co. v. Thurman, 205 Ky. 100, 265 S. W. 475; Tompkins v. Manning, 205 Ky. 327, 265 S. W. 830.  But has petitioner manifested a right to such relief?  Clearly the court may permit the defendant to prosecute an appeal in forma pauperis (section 884, Ky. Statutes), and require the clerk and stenographer to furnish transcripts without payment of fees.  Smith v. Bastin, 192 Ky. 164, 232 S. W. 415, and this provision seems applicable to petitioner.

In assuming the duties of office and acting as stenographer in the trial with the consent of the court and the parties, even though no order of court was made in reference thereto and he was not sworn as such official, nevertheless he was a de facto officer. Wendt v. Berry, 154 Ky. 586, 157 S. W. 1115, 45 L. R. A. (N. S.) 1101, Ann. Cas. 1915C, 493. So that on the trial and in subsequent proceedings in that case he was subject to the control and direction of the court and it could properly require him to furnish any services incident to the trial that devolved upon the official stenographer. Nor do we think the fact that defendant's counsel had procured $15 for the prosecution of his appeal sufficient to show that the court was acting arbitrarily in holding the defendant (Howard) to be a poor person. It is argued, however, that the petitioner was not requested to file the transcript until more than 120 days had elapsed subsequent to the final judgment, and that under the provisions of section 1016, Ky. Statutes, a transcript cannot be filed later than 120 days after final judgment, and that the petitioner should not be required to do a vain thing. It is also argued that the time limit had expired at the time the "show cause" rule was issued, and that the trial court had lost jurisdiction of the matter. Even if it be assumed that the trial court could lose jurisdiction of the matter in the manner indicated, a matter we do not now decide, it appears that the order directing the petitioner to furnish a transcript without prepayment of fees was entered in ample time. The court could certainly enforce that order later, and it is not for the petitioner to determine Howard's rights to file a transcript at a later date. In these matters the court was not acting without or in excess of jurisdiction, and did not inflict any irreparable injury upon the petitioner.

Wherefore the motion for writ of prohibition is denied.