# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  FEBRUARY 24, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0273-MR

DARREN C. WILSON APPELLANT

V. ON APPEAL FROM COURT OF APPEALS
NO. 2021-CA-0030
HARRISON CIRCUIT COURT NO. 20-CI-00055

HONORABLE JAY B. DELANEY, APPELLEE
HARRISON COUNTY CIRCUIT JUDGE

AND

CYNTHIANA-HARRISON COUNTY- REAL PARTY IN INTEREST
BERRY JOINT PLANNING COMMISSION

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Darren Wilson appeals as a matter of right from the Court of Appeals'
order granting in part and denying in part his CR[1] 76.36 petition for a writ of
prohibition, in which Wilson sought to prevent enforcement of the Harrison
Circuit Court's order granting the Cynthiana-Harrison County-Berry Joint
Planning Commission's motion to compel inspection of his real property.  The
Court of Appeals determined that Wilson had met the threshold showing for the

---

[1] Kentucky Rules of Civil Procedure.

issuance of a writ but declined to issue one to prevent enforcement of the circuit court's order allowing the property inspection. However, the Court of Appeals granted Wilson's request for a writ to prohibit enforcement of the portion of the circuit court's order which authorized a non-party, administrative agency (WEDCO)[2] to accompany the Commission on the inspection. Since the Commission has not appealed the Court of Appeals' decision that WEDCO should be excluded from the inspection, the only issue before us is whether the circumstances in question support granting a writ to prevent inspection of Wilson's property by the Commission. We conclude they do not and therefore affirm the Court of Appeals.

## I. Factual and Procedural Background

Wilson's writ petition arose from a declaration of rights action he filed against the Commission in Harrison Circuit Court in March 2020, wherein he sought a declaration, pursuant to KRS[3] 418.040, that his property located at 470 W. Pleasant Street in Cynthiana, KY ("the property") was entitled to be used as a "junk yard" due to the Commission's failure to enforce a zoning ordinance for a period of more than 10 years.[4] Wilson does not dispute that he

---

[2] WEDCO is a statutory, public health district, supported by taxes levied by the district's counties Bourbon, Harrison, Nicholas and Scott, and under the supervision of the Cabinet for Health and Family Services. WEDCO acts as the local health department for Harrison County.

[3] Kentucky Revised Statutes.

[4] The Commission notes that this action was filed after Wilson had been convicted in Harrison District Court (18-M-00310) of 245 counts of violating Harrison County Ordinance Series No. 283, Series 2014. On August 4, 2014, Wilson also pled guilty to one count of local ordinance violation in Harrison District Court (13-M-00547) associated with the property located at 470 W. Pleasant Street, Cynthiana, KY.

2

is unlawfully using his property as a "junk yard," as that phrase is defined in the Commission's zoning ordinances, but rather claims that the Commission's lack of enforcement establishes his use of the property as nonconforming in accordance with KRS 100.243. The Commission counterclaimed for injunctive relief seeking to enjoin Wilson's continued use of his property for the storage of inoperative motor vehicles, in violation of Harrison County Ordinance No. 283, Series 2014 (the "Nuisance Ordinance"), as Wilson's property is not zoned for use as a "junk yard."

As part of the discovery process, the Commission filed a motion to compel inspection pursuant to CR 34, stating that the purpose of the inspection was to determine Wilson's compliance with local ordinances. The Commission also asked that a representative from WEDCO be permitted to be present during the inspection. Wilson objected on grounds that the inspection was not relevant and that WEDCO's presence violated his Fourth Amendment rights.

The circuit court heard arguments from counsel and thereafter granted the Commission's motion to compel inspection. Wilson filed a petition for a writ of prohibition in the Court of Appeals, which was granted insofar as the Commission could not have WEDCO join in the CR 34 inspection but denied the writ to prohibit the Commission from conducting the inspection. This appeal followed.

## II. Standard of Review

"The Court of Appeals shall have appellate jurisdiction only, except that it may . . . issue all writs necessary in aid of its appellate jurisdiction[.]" KY. CONST. § 111(2). "Thus, whether to grant or deny a petition for a writ is not a question of jurisdiction, but of discretion." *Hoskins v. Maricle*, 150 S.W.3d 1, 5 (Ky. 2004) (citing *Bender v. Eaton,* 343 S.W.2d 799, 800 (Ky. 1961)). This Court reviews the Court of Appeals' decision to grant the writ for abuse of discretion. *Appalachian Racing, LLC v. Commonwealth,* 504 S.W.3d 1, 3 (Ky. 2016). "That is, we will not reverse the lower court's ruling absent a finding that the determination was 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

## III. Analysis

"Because writs interfere with both the orderly, even if erroneous, proceedings of a trial court and the efficient dispatch of our appellate duties, the courts of this Commonwealth have periodically attempted to formulate a rule governing the discretionary choice between issuing a writ and relegating a petitioner to the right to appeal."[5] *Hoskins,* 150 S.W.3d at 5-6. As writs are extraordinary remedies,

> [a] writ of prohibition *may* be granted upon a showing that (1) the
> lower court is proceeding or is about to proceed outside of its
> jurisdiction and there is no remedy through an application to an
> intermediate court; or (2) that the lower court is acting or is about

---

[5] *See* KY. CONST. § 115 ("In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court[.]")

to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Id.* at 10.

Wilson seeks a writ of the second class, his position being that the circuit court acted within its jurisdiction, but erroneously, when it ordered the inspection. Consequently, Wilson must show he lacked an adequate remedy by appeal or otherwise and that great injustice and irreparable injury will result from the inspection.

In the writ context, "'[n]o adequate remedy by appeal' means that any injury to [the petitioner] could not thereafter be rectified in subsequent proceedings in the case." *Newell Enters., Inc. v. Bowling*, 158 S.W.3d 750, 754 (Ky. 2005), *overruled on other grounds by Interactive Media Entm't and Gaming Ass'n, Inc. v. Wingate*, 320 S.W.3d 692 (Ky. 2010) (footnotes omitted). In Wilson's case, the inspection of his property, once completed, could not be undone by the Court of Appeals. Consequently, the Court of Appeals correctly concluded that Wilson lacked an adequate remedy on appeal. *See Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004) (holding that an adequate remedy by appeal rarely exists if the alleged error is an order allowing discovery); *Wal-Mart Stores, Inc. v. Dickinson*, 29 S.W.3d 796, 800 (Ky. 2000) ("As a practical matter, whenever a discovery violation occurs that allegedly allows discovery in error, a party will not have an adequate remedy by appeal because 'once the information is furnished, it cannot be recalled.'" (citation omitted)).

5

"[G]reat and irreparable injury . . . means something of a ruinous nature." *Bender v. Eaton,* 343 S.W.2d 799, 801 (Ky. 1961). In other words, some "incalculable damage to the applicant was involved, either to the liberty of his person, or to his property rights, or other far-reaching and conjectural consequences." *Litteral v. Woods,* 223 Ky. 582, 4 S.W.2d 395, 397 (1928). As to the requirement of great injustice and irreparable injury, "[t]his Court has consistently recognized an exception to the irreparable harm requirement in 'certain special cases.'" *Ridgeway Nursing & Rehab. Facility, LLC v. Lane*, 415 S.W.3d 635, 639–40 (Ky. 2013) (citation omitted). In such cases, "a writ may issue in the absence of a showing of specific great and irreparable injury . . . provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration." *Id.* at 640 (quotations and citations omitted). However, even when those requirements are met, the issuance of a writ is not mandatory, but rather lies within the Court's discretion. *Id.*

The Court of Appeals held that Wilson met the prerequisites to issue a writ, finding that the "certain special cases" exception was implicated by his allegation that authorizing WEDCO to enter onto his property raised Fourth Amendment constitutional concerns. Again, as that issue is not appealed, we will not disturb it. Notably, the Court of Appeals did not find this exception implicated by the circuit court's authorization of an inspection by the Commission alone.

6

On appeal, Wilson has failed to identify any great and irreparable harm that would result from the property inspection. He simply claims that the circuit court acted erroneously, and its order was arbitrary and unfair. Wilson maintains the circuit court's order was arbitrary because the requisite "nexus" between the premises to be inspected and the underlying cause of action did not "appear on the face of the order." *See Dickinson*, 29 S.W.3d at 802 (holding that before an inspection of premises can be ordered pursuant to CR 34.01, the existence of a nexus between the property to be inspected and the underlying cause of action must be established and "this nexus must appear on the face of the order[]"). He further asserts that the circuit court's order was unfair and categorizes the Commission's request for an inspection as a "fishing expedition."

However, the Commission's motion to compel was a routine discovery tool, as contemplated by CR 34.01, which provides in relevant part:

> Any party may serve on any other party a request . . . (b) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26.02.

In its motion to compel, the Commission informed the circuit court that it sought to inspect the premises:

> 1. To inventory the vehicles, machinery, and the nature of the junk material that is on the property;
> 2. To photograph and video document the condition of the property and the vehicles, machinery, and junk material on the property;

7

3.    To inspect the property for release petroleum products or other hazardous substances from the deteriorating vehicles, machinery, and junk.[6]

Here, the Commission's motion to compel was sufficiently specific to defeat Wilson's characterization of the Commission's request as a "fishing expedition" and its stated purpose appears relevant to the Commission's counterclaim as to the lawfulness of Wilson's use of his property.  CR 26.02 provides that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]"  As the Court of Appeals aptly observed, while Wilson maintains that since he concedes his land use is unlawful, and thus nothing can be gleaned from an inspection of the property, the scope of the Commission's counterclaim and its contemporaneous request for injunctive relief makes any information obtained from an inspection relevant to contested issues.  Furthermore, as with all pre-trial discovery matters, the circuit court is in the best position to make relevancy determinations and we defer to them absent an abuse of discretion.  *See Webb v. Commonwealth*, 387 S.W.3d 319, 325 (Ky. 2012) ("We recognize that trial courts are in a better position to make relevancy decisions and for that reason give them substantial deference[]").

Lastly, the nexus between the property to be inspected and the underlying cause of action is obvious: the property Wilson identified in his Complaint in the underlying declaration of rights action is the same property

---

[6] The Commission did not request, and the circuit court did not grant, permission to inspect the inside of any dwelling, workshop, or outbuildings.

8

the circuit court authorized to be inspected. As far as Wilson's assertion that the "nexus" must "appear on the face of the order," the circuit court's order specifically granted the Commission's request to inspect the property located at 470 W. Pleasant Street, Cynthiana, KY, within the proposed scope of the Commission's request. The circuit court was not required to make any additional finding to prove a "nexus," as the record clearly reflects that the property is the subject matter of this litigation. Because Wilson has not established any great and irreparable injury that will result from the property inspection, the Court of Appeals correctly concluded that a writ was not warranted.

## IV.   Conclusion

For the foregoing reasons, we affirm the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Patrick Henry Watson
Watson Law Firm, PLLC

APPELLEE:

Honorable Jay B. Delaney

COUNSEL FOR REAL PARTY IN
INTEREST:

Brian T. Canupp